818 P.2d 241

**CITY OF PHOENIX, Plaintiff–Appellant,**

v.

**PHOENIX CIVIL SERVICE BOARD; Anna Ochoa Thorne, Diane Dear, Jerry Eisen, Burton Drucker, Stanley Furman, in their official capacities as members of the Civil Service Board; and Kelly M. Zak, Real Party in Interest, Defendants–Appellees.**

No. 1 CA–CV 90–171.

Court of Appeals of Arizona, Division 1, Department B.

Sept. 26, 1991.

Roderick G. McDougall, City Atty. by Elaine K. Cardwell, Nancy J. Kesteloot, Asst. City Attys., Phoenix, for plaintiff-appellant.

Gammage & Burnham by Richard K. Mahrle, Phoenix, for Phoenix Civil Service Bd.

Napier & Jones, P.C. by Michael Napier, Phoenix, for Kelly M. Zak.

OPINION

LANKFORD, Judge.

The City of Phoenix (City) appeals from a judgment denying its request that the superior court permanently enjoin the Phoenix Civil Service Board (Board) from conducting an investigative hearing concerning the City's demotion of Kelly Zak, a probationary city employee. The central issue on appeal is whether the Board has authority under the Phoenix City Charter ch. XXV, "Personnel System," to conduct a hearing regarding action against a city employee who has not completed her probationary period.

I.

The relevant facts are not in dispute. Appellee Zak first began to work for the City of Phoenix in August, 1984. On October 3, 1988, after transferring several times into different city positions, she became a Neighborhood Maintenance Specialist II. Under City of Phoenix Personnel Rule 10(a), her probationary period in that position would last until October 3, 1989.

On August 28, 1989, the City demoted Zak to the position of Relocation Specialist I. The City based Zak's demotion on a charge that she was engaged in a "personal relationship" that violated a City administrative rule, and that she had failed to take specified corrective action within 120 days as previously directed. On this same date, Zak requested a hearing before appellee Board. The Board initially set an appeal hearing for October 4, 1989.

On September 19, 1989, however, the Board's secretary wrote to Zak's counsel as follows:

We have discovered that due to an oversight on our part, Ms. Zak was granted a Civil Service Board appeal in error. Ms. Zak is not entitled to a Civil Service Board hearing, as she is a probationary employee. Personnel Rule 10b states that "A ... demoted probationary employee shall not be entitled to a Civil Service Board hearing...." Therefore, the hearing scheduled for October 4,

1989 is withdrawn, and the demotion order will stand.

In your letter of August 28, 1989, you requested that the Civil Service Board review this matter to ascertain if the City has fairly applied the principles of the merit system to the appellant. Therefore, this matter will be placed on the agenda for the Board's next business meeting on September 28, 1989, for discussion.

At the Board's business meeting, Zak's counsel told the Board that because Zak's performance ratings were high and her personal relationship had been discontinued, her case "cries for investigation...." The City's counsel argued that investigating the demotion of a probationary employee was beyond the Board's authority under the City Charter.

The Board's counsel advised the Board:

I have no doubt that the Board could conduct a fact-finding hearing concerning this particular employee because your charter authority includes evaluating the merit system in making sure it's working properly and making appropriate recommendations to the City Manager and the City Council if something is not working. You would not, however, have any authority to do anything as to this particular employee; you could not put her back into work in a Class 33 for example. So your authority would be limited to investigating problems within the merit system and this is an employee that got improperly treated, and how do we fix the merit system. But we would not be in a position to do anything for this particular employee.

The Board's counsel also advised that in addition to recommending changes in the City Personnel Rules, the Board could make a specific recommendation to the City Manager that Zak's demotion be overridden. Additionally, the Board's counsel advised that the Board could investigate Zak's case through a hearing officer.

At the conclusion of its discussion, the Board approved a motion that it "accept this case for investigation." The Board's chairman requested that its staff contact a

Mr. Parker to act as hearing officer. The Board's staff later wrote to Mr. Parker, in part, as follows:

In the matter of Kelly Zak, the Civil Service Board recognizes that as a probationary employee, she does not have a right of hearing before the Board on her demotion.

Because of issues that have been raised by her representative, the Board is requesting that you conduct an investigation into the circumstances surrounding her demotion and that you recommend whether or not the Board should bring this matter to the attention of the City Manager, requesting that he reconsider the action taken by the Neighborhood Improvement and Housing Department.

On October 30, 1989, the City filed a complaint alleging that the Board was proceeding or threatening to proceed without or in excess of its jurisdiction or legal authority. The City further alleged that the Board had acted arbitrarily and capriciously or abused its discretion in determining to proceed with a hearing. The complaint sought temporary and permanent injunctive relief.

On this same date, the superior court issued a temporary restraining order prohibiting the Board and its members "from conducting an investigation or hearing in the matter of the demotion of Kelly Zak," and an order to show cause why a preliminary injunction should not issue.

On November 13, 1989, the trial court issued a minute entry granting the City's request for a preliminary injunction and enjoining the Board "from conducting or ordering an investigation into the demotion of Kelly M. Zak until the court has conducted a full hearing on the City's special action."

After hearing oral argument and considering the parties' memoranda, however, the trial court denied the City's request for a permanent injunction and dissolved the preliminary injunction it had previously issued. The trial court reasoned in part:

The court finds that the board's proposed inquiry falls within the powers set forth in paragraph 1 of section 3 of Chapter XXV of the City Code. *See also* Section 8 of Chapter XXV. The court further finds that the other parts of section 3 do not prohibit the inquiry contemplated here. Section 1 clearly permits the board to conduct hearings to establish a factual foundation to assist it in discharging its duties. Additionally, the court finds that plaintiff will not suffer any prejudice since no recommendations or proposals are binding on the city manager or the city council. *See* Section 8, Chapter XXV, Phoenix City Code.

The trial court also awarded Zak her reasonable attorney's fees and costs. The trial court later denied the City's motion for reconsideration and entered a formal judgment in accordance with its ruling.

## II.

The dispositive question in determining the propriety of the trial court's ruling is whether Phoenix City Charter ch. XXV, "Personnel System," (PS) expressly or impliedly authorized the Board to conduct this hearing.

PS § 1 provides in pertinent part:

1. It is the purpose of this chapter to designate those City employees in the classified services; set forth the rights and privileges of those employees; and to state the City's obligations in establishing and maintaining a merit system.

2. The City has determined the necessity of establishing a merit system of personnel administration based on merit principles and professional methods governing the appointment, tenure, promotion, transfer, layoff, separation, discipline, and other incidents of employment relating to City employees. These merit principles include:

   a. Recruiting, selecting and advancing employees on the basis of their relative ability, knowledge, and skills, including open consideration of qualified applications for initial appointment;

   . . . .

   d. Retaining employees on the basis of the adequacy of their performance,

and separating employees whose inadequate performance cannot be corrected;

e. Assuring impartial treatment of applicants and employees in all aspects of personnel administration without regard to political affiliation, race, color, national origin, sex, religious creed or handicap, and with proper regard for their privacy and constitutional rights as citizens....

Three subdivisions of City government perform defined functions in administering the City personnel system. The City Manager, acting as the City's "Personnel Official," has primary administrative responsibility. PS § 6 provides that the City Manager, as Personnel Official, shall:

1. Administer all the provisions of this chapter and of the personnel rules not specifically reserved to the Civil Service Board pursuant to Sec. 3 herein or to the City Council pursuant to Sec. 7 herein.

2. Propose and promulgate personnel rules and amendments thereto.[1]

3. Enforce approved personnel rules.

4. Prepare a position classification plan.

5. Prerpare (sic) and maintain a compensation plan covering all employees.

6. Provide recruitment and selection for positions in the classified and unclassified service.

7. Perform all other duties required to administer the City Personnel System.

PS § 7, entitled "Action Required by Council," provides:

The Council shall approve by ordinance, resolution or formal action the:

1. Personnel rules.

2. Position classification plan.

3. Compensation plan.

PS § 2 creates the five-member Civil Service Board. The powers and duties of the Board, as set forth in PS § 3, are as follows:

1. Adopt such rules and hold such hearings as it finds necessary in order to perform the duties and responsibilities vested in it by this chapter.

2. Submit periodic advisory reports to the Council regarding the activities of the Board as they relate to the application of merit principles in City personnel management.

3. Notwithstanding the provisions of Chapter III, Section 2B(1) of this Charter the Board shall hear appeals from disciplinary demotions, discharges, and suspensions by classified employees who have completed the prescribed probationary period. The Board may delegate to hearing officers the authority to conduct hearings. The decisions of the Board shall be final and binding.

4. Administer oaths, compel attendance of and examine witnesses and compel production of and examine documents.

5. Hear appeals from classified employees from interpretations of the personnel rules approved by the Council.

6. Propose personnel rules and amendments thereto.

■■■ Administrative officers and agencies have no common law or inherent powers. *Kendall v. Malcolm*, 98 Ariz. 329, 404 P.2d 414 (1965). The powers and duties of administrative agencies and other inferior tribunals are strictly limited by the statutes that create them. *Id.; Boyce v. City of Scottsdale*, 157 Ariz. 265, 756 P.2d 934 (App.1988). In addition to their express statutory powers, municipal officers and agencies possess all powers that may be fairly implied from, and are necessary for, the complete exercise of their express powers. *See Walton v. City of Phoenix*, 69 Ariz. 26, 208 P.2d 309 (1949); *Shaffer v. Allt*, 25 Ariz.App. 565, 545 P.2d 76 (1976).

■■ Zak and the Board acknowledge that the Board's PS § 3(3) authority to hear appeals by non-probationary, classified employees did not authorize the Board's action in this case; Zak had not completed her probationary period when she was demoted. They nevertheless argue that the Board's action was independently authorized by PS § 3(1) and (2). We disagree.

---

1. PS § 8 authorizes both the City Manager and the Board to propose personnel rules. Only the City Manager may promulgate personnel rules for consideration and approval by the City Council.

**260**

PS § 3(1) authorizes the Board to hold only such hearings as are necessary to perform its duties and responsibilities. Contrary to the arguments of Zak and the Board, PS § 3(2) does not add or expand the activities in which the Board is otherwise authorized to engage. That subsection merely empowers and requires the Board to "[s]ubmit periodic advisory reports to the Council regarding activities of the Board as they relate to the application of merit principles in City Personnel Management." That subsection authorizes only reports by the Board to the City Council, not an independent investigation such as the Board's proposed action in this case.

Although PS § 3(1) and (6) taken together do authorize the Board to conduct any hearings it finds necessary in proposing personnel rules and amendments, the Board in this case went beyond this authorization. Under these subsections, the Board could clearly conduct hearings into personnel actions taken against specific probationary employees for the purpose of determining whether to propose new rules or amendments affecting such employees. Indeed, it appears from the Board's discussions that such a purpose may have been one reason it voted to pursue an investigation/hearing into the Zak demotion. Nevertheless, PS § 3(1) and (6) do not authorize the Board to conduct a hearing into the demotion of Zak or any other probationary employee for the purpose of making a recommendation to the City Manager concerning the employee's specific case.

The trial court erred in denying the City's request for permanent injunctive relief because the investigation/hearing voted on by the Board was directed at least in part toward a purpose not within the Board's powers and duties under the Phoenix City Charter.

On remand, the trial court should enter an appropriate order prohibiting the Board from conducting an investigation or hearing into the circumstances surrounding the demotion of Kelly Zak for the purpose of making any request or recommendation to the City Manager concerning action in her particular case. The trial court's order should make clear, however, that the Board is free to conduct an investigation or hearing into the Zak case for the purpose of determining whether to propose either personnel rules or amendments, and the Board may report to the City Council concerning anything it learns in such a hearing about the application of merit principles in City personnel management.

Because we reverse the trial court's judgment, and remand, appellee Zak can no longer be characterized as a party who "prevails by an adjudication on the merits" in a civil action brought by a city within Ariz.Rev.Stat.Ann. (A.R.S.) § 12–348(A)(1). The trial court's award of attorney's fees to Zak is therefore vacated.

The City of Phoenix has requested an award of attorney's fees and costs under Ariz.R. of Civ.App.P. 21. Rule 21 does not itself confer a substantive right to recover attorney's fees. Rule 21 merely provides the procedure through which an attorney's fee award may be requested on appeal where authorized "pursuant to statute, decisional law or contract...." Ariz.R.Civ. App.P. 21(c)(1). The City cites no such authority for its claimed entitlement to an award of attorney's fees in this case. A.R.S. § 12–348(A)(1), under which the trial court presumably awarded appellee Zak her attorney's fees against the City, permits awards of fees and other expenses only to a "party other than this state or a city, town or county...." We deny the City's request for attorney's fees on appeal. *See City of Phoenix v. Superior Court,* 144 Ariz. 172, 696 P.2d 724 (App. 1985); 1 L. Haire & P. Ulrich (eds.), *Arizona Appellate Handbook,* § 10.2.4 (1986) at 10–4.

For the foregoing reasons, the trial court's denial of temporary and injunctive relief is reversed and remanded in accordance with the views expressed in this opinion.

GERBER, P.J., and KLEINSCHMIDT, J., concur.