233 P.3d 645

**Brian M. EZELL, Plaintiff/Appellee,**

v.

**Jeff QUON, Defendant/Appellant.**

**No. 1 CA–CV 09–0297.**

Court of Appeals of Arizona, Division 1, Department E.

June 17, 2010.

Keith S. Knochel, Bullhead City, Attorney for Defendant/Appellant.

Paul Lenkowsky, Bullhead City, Attorney for Plaintiff/Appellee.

## OPINION

HALL, Judge.

¶ 1 Jeff Quon appeals from the trial court's denial of his motion for relief from a default judgment in favor of Brian Ezell pursuant to Arizona Rules of Civil Procedure (Rule) 60(c). For the reasons that follow, we affirm the trial court's ruling. We further deny Ezell's request for attorneys' fees on appeal because he failed to cite a basis for his request as required by Arizona Rule of Civil Appellate Procedure 21(c).

## FACTS AND PROCEDURAL HISTORY

¶ 2 We view the facts in the light most favorable to upholding the trial court's ruling on a motion to set aside a default judgment. *Goglia v. Bodnar,* 156 Ariz. 12, 20, 749 P.2d 921, 929 (App.1987) (citing *Camacho v. Gardner,* 104 Ariz. 555, 559, 456 P.2d 925, 929 (1969)). Quon and Ezell entered into an oral partnership agreement in late 2005 or early 2006 in which they agreed to purchase, together, a one-half interest in the "Channel Island Market" convenience store. Under the terms of their agreement, Quon and Ezell would each tender $15,000.00 to purchase Ralph Delgado's one-half interest in the store. Quon and Ezell agreed, however, that Ezell would remain a "silent partner" and neither Delgado nor the other one-half interest holder, Kathleen David, would know that Ezell contributed one-half of the purchasing funds. Pursuant to the oral agreement, Quon and Ezell would split equally all profits distributed to Quon. On January 31, 2006, Ezell gave Quon a cashier's check made payable to Delgado in the amount of $15,000.00.

¶ 3 Without Ezell's knowledge, Quon entered into an agreement with Delgado to purchase Delgado's one-half interest in the store for only $20,000.00. Quon tendered Ezell's $15,000.00 check to Delgado, but requested $1,000.00 cash back. Quon then signed a promissory note to pay Delgado the remaining $6,000.00 owed under their purchase agreement. Quon did not pay any monies owed to Delgado on the note.

¶ 4 On September 10, 2007, Ezell formally demanded that Quon disclose an accounting of profits and losses from the partnership and a distribution of all profits. Quon did not comply with the demand.

¶ 5 On November 16, 2007, Ezell filed a complaint against Quon alleging breach of fiduciary duties, fraudulent misrepresentation, unjust enrichment, and conversion. On December 12, 2007, after Quon failed to respond to the complaint, Ezell filed an application for default judgment. On the same day, the clerk of the court entered default against Quon and a default hearing was scheduled with the court.

¶ 6 On January 16, 2008, Ezell filed a motion to vacate the default hearing, explaining that the parties had agreed to extend the time for defendant's answer until January 31, 2008. On February 11, 2008, however, Ezell requested that the default hearing be rescheduled because Quon failed to file an answer by the extension date. On February 14, 2008, Quon filed an answer. Ezell moved to strike the answer as untimely, which the trial court denied. Instead, the trial court confirmed the entry of default and ordered that Quon was entitled to appear at the default hearing and cross-examine Ezell's witnesses, but he was precluded from presenting any substantive testimony.

¶ 7 Ezell and Kathleen David testified at the default hearing. Confirming the allegations set forth in his complaint, Ezell testified that he and Quon orally agreed to jointly purchase Delgado's interest in the convenience store for $30,000.00, with each paying $15,000.00 cash and receiving an equal distribution of all profits. When asked about his status as a "silent" partner, Ezell testified that Quon told him that Kathleen David did not want two partners, so their plan was to

reveal Ezell's status as a partner at a later date, after the new partnership had been well-established. Ezell testified that he worked at the store without pay from April 2006 until July 2007. At that time, out of concern that he had not yet received any profits, Ezell disclosed to David the nature of his partnership interest in the store. David informed Ezell that Quon had actually purchased Delgado's partnership interest for $20,000.00.

¶ 8 David testified that she was informed of and consented to Delgado's sale of his interest in the business to Quon. At that time, she had no knowledge that Ezell was involved in the new partnership agreement. David testified that she handled distribution of the business's profits and that she distributed $6,300.00 in profits to Quon between April 2007 and August 2007. She had no record of the time period before April 2007, but believed Quon only received $1,000.00 before that time. She also testified that the business paid Quon's cellular phone bill between January 2006 and August 2007, totaling approximately $3,000.00.

¶ 9 After taking the matter under advisement, the trial court entered judgment in favor of Ezell. The trial court awarded Ezell: (1) compensatory damages in the amount of $7,400.00; (2) punitive damages in the amount of $12,800.00; (3) an equitable right to purchase the remaining fifteen percent interest in the business from Delgado for $6,000.00 "to divest [Quon] of any interest in the business as [Quon] has converted [Ezell's] contribution, has been unjustly enriched through the use of [Ezell's] money, has breached fiduciary duties to [Ezell], and has made fraudulent misrepresentations to induce [Ezell] to purchase an interest in the business"; and (4) his attorneys' fees attributable to the unjust enrichment claim.

¶ 10 Quon timely appealed from the trial court's judgment and this court dismissed the appeal for lack of jurisdiction. On November 20, 2008, Quon filed a motion to set aside the judgment pursuant to Rule 60(c). Quon argued that: (1) the trial court's award of punitive damages is invalid because Ezell failed to sufficiently plead punitive damages in his complaint; (2) the trial court's award

of punitive damages is invalid because Ezell failed to sufficiently plead and prove that Quon acted with "an evil mind" as required for punitive damages; and (3) the trial court's divesting Quon of any partnership interest and granting Ezell the opportunity to purchase the remainder of Delgado's interest is invalid because (a) Ezell had unclean hands and therefore is not entitled to equitable relief, (b) the other partners were not parties to the litigation and have not provided the requisite consent, and (c) Ezell failed to sufficiently plead for this relief.

¶ 11 The trial court denied Quon's motion for Rule 60(c) relief, stating in relevant part:

Defendant was on notice as to the status of the partnership issue. The allegations in the Complaint, as well as the testimony, established that there was a partnership between [Ezell] and [Quon] concerning an additional partnership interest in the business. The testimony further established that [Ezell] had tendered funds towards the purchase of the business interest and [Quon] did not. [Quon] had further kept funds out of [Ezell's] initial cash contribution to the partnership. [Quon] received a loan from a third party, Mr. Delgado, to complete the purchase of Mr. Delgado's partnership interest. Said loan has not been repaid. Hence, [Quon] has not contributed towards the partnership interest in the business that was purchased.

In Count 1 of the Complaint, [Ezell] alleged a breach of fiduciary duty. [Ezell] requested an accounting of the business, his share of profits, and specifically requested a Declaration that [Ezell] held an interest in the business, but that [Quon] would be barred and estopped from claiming any such interest.

Additionally, [Quon] was placed on notice of the request for punitive damages given the prayers within the Complaint. [Quon's] counsel did not object to the request for punitive damages, and the same is deemed waived. Additionally, the Complaint itself can be amended to conform to the testimony produced in open Court. [Ezell] introduced testimony concerning [Quon's] breach of the fiduciary duty, the

fraudulent misrepresentations, and the conversion.

. . . .

Additionally, the unclean hands were specifically the dealings between [Quon] and [Ezell]. The conduct of [Quon] that gave rise to the Judgment was testified to by [Ezell] and [Ezell's] witnesses, and again [Quon] had the opportunity to have counsel cross-examine them. To the extent that both parties had unclean hands towards the non-party business partners, it was ultimately established that [Ezell] came clean to the partners and [Quon] did not.

. . . .

It is hard pressed for [Quon] to claim that he was not on notice of the relief requested nor the factual allegations that gave rise to the cause of action and the relief requested in [Ezell's] prayer. Defendant failed to move to vacate the Entry of Default. Defendant litigated the matter and failed to raise the objections now stated on the record. As [Ezell] gave adequate notice he was seeking punitive damages, and provided factual allegations that would give rise to an award of punitive damages, as well as the pleading can be amended to conform to the proof, the Court cannot find that there is a basis for relief to [Quon] under Rule 60(c).

¶ 12 Quon timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) section 12–2101(B) (2003).

## DISCUSSION

■ ¶ 13 At the outset of his appeal, Quon contends that this court incorrectly dismissed his initial appeal for lack of jurisdiction. Although he acknowledges that a party seeking relief from a default judgment generally must move to set aside the default judgment before filing an appeal, see Hirsch v. Nat'l Van Lines, Inc., 136 Ariz. 304, 311–12, 666 P.2d 49, 56–57 (1983) (holding that a direct appeal from a default judgment is not permitted unless the default judgment "was not authorized by Rule 55 or if there is a question regarding either personal or subject matter jurisdiction"), he argues that this general rule does not apply in this case because

the issue "is solely whether the default judgment exceeded the scope of the pleadings and was without notice."

■ ¶ 14 Here, there is no claim that the trial court failed to comply with Rule 55, that the court lacked subject-matter jurisdiction over Ezell's claim, or that the court lacked personal jurisdiction over Quon. Moreover, when Quon failed to petition for review of this court's dismissal of his appeal for lack of jurisdiction, it became the law of the case and he is precluded from challenging that ruling here. See State v. Kiles, 222 Ariz. 25, 36, ¶ 53, 213 P.3d 174, 185 (2009) (explaining "that the decision of an appellate court in a case is the law of the case ... and no question necessarily involved and decided" will be reconsidered). Therefore, the scope of our review "is restricted to the questions raised by the motion to set aside and does not extend to a review of whether the trial court was substantively correct in entering the judgment from which relief was sought." Hirsch, 136 Ariz. at 311–12, 666 P.2d at 56–57.

■ ¶ 15 Generally, we uphold a trial court's denial of a motion for relief under Rule 60(c) absent a clear abuse of discretion. Rosen v. Bd. of Med. Exam'rs, 185 Ariz. 139, 143, 912 P.2d 1368, 1372 (1995). A court abuses its discretion when the reasons it gives for its conclusions are "clearly untenable, legally incorrect, or amount to a denial of justice." State v. Chapple, 135 Ariz. 281, 297 n. 18, 660 P.2d 1208, 1224 n. 18 (1983). We review de novo, however, the denial of a Rule 60(c)(4) motion to vacate a void judgment. See State ex rel. Dep't of Econ. Sec. v. Burton, 205 Ariz. 27, 29, ¶ 8, 66 P.3d 70, 72 (App.2003). When a judgment is void due to lack of jurisdiction, "the court has no discretion, but must vacate the judgment." Springfield Credit Union v. Johnson, 123 Ariz. 319, 323 n. 5, 599 P.2d 772, 776 n. 5 (1979).

¶ 16 As set forth in Rule 60(c), the court: may relieve a party ... from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence

could not have been discovered in time to move for a new trial under Rule 59(d); (3) fraud, misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment on which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation from the judgment.

¶ 17 Although Quon referenced Rule 60(c) in his motion to set aside the judgment, he did not attempt to frame his arguments within any of its provisions. Quon claimed, however, that the relief the trial court granted exceeded the relief Ezell requested in his pleadings and that the trial court therefore did not have "jurisdiction" to enter such an award. Quon has reasserted these arguments on appeal and we construe them as a claim that the default judgment is void pursuant to Rule 60(c)(4).

¶ 18 "A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment." Ariz. R. Civ. P. 54(d). "As a general proposition, a default judgment is void if it is 'outside the cause of action stated in the complaint and if the defendant was not given a fair opportunity to defend against the claim on which the judgment was based.'" *Tarnoff v. Jones*, 17 Ariz.App. 240, 245, 497 P.2d 60, 65 (1972) (quoting Restatement of Judgments § 8(c) (1942)); *see also Cockerham v. Zikratch*, 127 Ariz. 230, 619 P.2d 739 (1980) (adopting the *Tarnoff* test to determine whether a default judgment based on a technically deficient complaint is void). "A (default) judgment which is entirely outside the issues in the case and upon a matter not submitted to the court for its determination is void." *Tarnoff*, 17 Ariz.App. at 245, 497 P.2d at 65 (internal quotation omitted).

¶ 19 As explained by the supreme court, however, "a complaint need not be technically sufficient" to support a default judgment. *Cockerham*, 127 Ariz. at 234, 619 P.2d at 743. Rather, it need only "contain a plain and concise statement of the cause of action and give defendants fair notice of the allegations as a whole." *Id.* The supreme court further explained that an "erroneous" judgment is not necessarily "void" and only errors that undermine jurisdiction render a judgment void under Rule 60(c)(4). *Id.* at 235, 619 P.2d at 744.

## I. Award of Punitive Damages

¶ 20 Quon contends that the trial court's award of punitive damages was beyond the scope of the complaint. He argues that Ezell failed to allege conduct that would warrant an award of punitive damages and that the relief requested in the complaint did not adequately place him on notice that such relief may be awarded.[1] These claims are without merit.

¶ 21 To obtain punitive damages, a plaintiff must demonstrate that the defendant either "intended to injure the plaintiff" or "consciously pursued a course of conduct knowing that it created a substantial risk of harm to others." *Gurule v. Ill. Mut. Life and Cas. Co.*, 152 Ariz. 600, 602, 734 P.2d 85, 87 (1987) (internal quotation omitted). The plaintiff may meet this burden of proof by showing that the defendant's conduct "was motivated by spite, actual malice, or intent to defraud." *Id.* at 602–03 n. 3, 734 P.2d at 87–88 n. 3.

¶ 22 Here, Ezell alleged that Quon fraudulently induced him to tender $15,000.00 to purchase a partnership interest and that Quon deceptively "pass[ed] off [Ezell's] contribution money as his own." Thus, the facts as set forth in the complaint demonstrate that Quon intended to defraud Ezell, as well as David and Delgado, and that

---

1. Quon also argues that the trial court erred by imposing punitive damages because there was no evidence before the court regarding his financial position. *See Hilgeman v. Am. Mortgage Sec., Inc.*, 196 Ariz. 215, 223, ¶ 29, 994 P.2d 1030, 1038 (2000) (setting aside a punitive damages award entered as part of a default judgment because the record was "inadequate for meaningful evaluation of the constitutionality of [the] punitive damages award"). Quon failed to raise this claim in his Rule 60(c) motion and we therefore do not consider it. *See Romero v. Southwest Ambulance*, 211 Ariz. 200, 203–04, ¶ 6, 119 P.3d 467, 470–71 (App.2005).

he pursued this course of conduct indifferent to the harm it caused Ezell.

¶ 23 Ezell also requested an award of punitive damages "to be determined at trial" in his prayer for relief. Contrary to Quon's argument,[2] "[c]laims for punitive damages carry no special pleading requirements: 'a general prayer for punitive damages is sufficient ... to put the defendant on notice' that punitive damages may be awarded." *Kline v. Kline*, 221 Ariz. 564, 572, ¶ 29, 212 P.3d 902, 910 (App.2009) (quoting *Tarnoff*, 17 Ariz. App. at 245, 497 P.2d at 65). Therefore, the complaint sufficiently alleged conduct and requested relief to support the trial court's award of punitive damages.

## II. Award of Partnership Interest

¶ 24 Quon argues that the trial court lacked the "jurisdiction" to divest him of his partnership interest, to declare Ezell a partner with a thirty-five percent ownership interest, and to award Ezell the right to purchase the remainder of Delgado's ownership interest for the $6,000.00 owed under the terms of the Quon/Delgado purchase agreement. Specifically, Quon claims that he was not on notice that such relief could be granted. He also claims that Ezell is barred from such equitable relief because he has unclean hands and because David and Delgado did not consent to Ezell's purchase of the partnership interest as required pursuant to their partnership agreement. We disagree.

¶ 25 Pursuant to Rule 8(a)(2), a pleading that includes "[a] short and plain statement of the claim showing that the pleader is entitled to relief" sufficiently sets forth its claim for relief. Here, Ezell pled that Quon fraudulently induced him to tender $15,000.00 and that he then deceptively "passed" that money on as his own to purchase an ownership interest in the convenience store. Ezell requested that the trial court enter a "judgment declaring that [Ezell] has an interest in the business and barring and estopping [Quon] from having or claiming any interest in the partnership busi-

ness." Thus, the complaint clearly placed Quon on notice that the relief granted could include a judgment both granting Ezell an ownership interest and divesting Quon of his fraudulently obtained interest.

¶ 26 As to Quon's claim that Ezell had unclean hands, we note that Ezell, by his own admission, intended to deceive David and Delgado about the true nature of his interest in the convenience store. Quon has not alleged, however, that Ezell acted with unclean hands toward him in this business endeavor. "In order for the doctrine of clean hands to bar a claim for equitable relief, any acts of bad faith or unconscionable conduct by [the plaintiff] must relate to the same activity that is the basis for [the] claim." *Phoenix Orthopaedic Surgeons, Ltd. v. Peairs*, 164 Ariz. 54, 59, 790 P.2d 752, 757 (App.1989), *disapproved on other grounds by Valley Med. Specialists v. Farber*, 194 Ariz. 363, 982 P.2d 1277 (1999). Therefore, Ezell's unethical conduct toward David and Delgado does not act as a bar to his claim for equitable relief against Quon. Likewise, with regard to his assertion that the court lacked the "jurisdiction" to award Ezell a partnership interest because Delgado and David did not provide the requisite consent, Quon is not a partner in the business and he therefore lacks standing to challenge the trial court's judgment on such grounds. *See Goglia*, 156 Ariz. at 18, 749 P.2d at 927 (explaining that "standing to raise an appeal is not equivalent to standing to raise a particular argument on appeal. When an error applies to only one party who does not appeal, another party cannot make that argument on its own behalf").

## III. Attorneys' Fees in the Trial Court

¶ 27 Quon requests that we set aside the trial court's award of attorneys' fees to Ezell as the successful party pursuant to A.R.S. § 12–341.01(A) (2003). Because we affirm the trial court's ruling, we deny his request.

**2.** Quon's reliance on *McClanahan v. Cochise College*, 25 Ariz.App. 13, 17, 540 P.2d 744, 748 (1975), is misplaced. In that case, the court disregarded the plaintiff's prayer for relief in determining whether the complaint adequately stated a cause of action, not for purposes of determining whether the complaint sufficiently requested punitive damages. *Id.*

## IV. Attorneys' Fees On Appeal

¶ 28 Both parties request an award of attorneys' fees on appeal. Quon cites no basis for his request. In any event, he did not prevail on appeal and we deny his request.

¶ 29 Ezell likewise cites no authority to support his request for attorneys' fees. He simply asks that we "issue an order granting attorney's [sic] fees and costs [ ] incurred on this appeal."

¶ 30 A party's request for attorneys' fees on appeal must be made pursuant to Arizona Rule of Civil Appellate Procedure 21. Rule 21(c)(1) provides, in pertinent part:

When attorneys' fees are claimed pursuant to statute, decisional law or contract, a request for allowance of attorneys' fees in connection with the prosecution or defense of the appeal or the prosecution or defense of the case in the superior court shall be made in the briefs on appeal, or by written motion filed and served prior to oral argument or submission of the appeal.

¶ 31 As our supreme court has recognized, Rule 21(c)(1) imposes two requirements: (1) the request must state the claimed basis for the award, and (2) be made in a timely manner. *Roubos v. Miller*, 214 Ariz. 416, 420, ¶ 21, 153 P.3d 1045, 1049 (2007) ("When a party requests fees, it not only must state the statutory or contractual basis for the award, but also must make the request in a timely manner."). *Roubos* is but one of many opinions that make clear that Rule 21(c)(1) is a procedural rule that does not provide a substantive basis for an appellate court to consider an award of attorneys' fees.[3] *See also* 1A State Bar of Arizona, *Arizona Appellate Handbook*, Civil Appeals § 3.7.2.7 (Philip Hall & Pamela Peterson eds., 5th ed. 2010) ("If the legal basis for the fee request is not stated, the request will be denied."); Arizona Attorneys' Fees Manual § 10.4 (Bruce E. Meyerson & Patricia K. Norris eds., 5th ed. 2010) ("The request must also identify the authority upon which the request is based, i.e., contract, decisional law or statute."). Ezell's general request that he be awarded attorneys' fees does not constitute a claim "pursuant to statute, decisional law or contract[.]" Therefore, we deny his request.

¶ 32 Relying on the circumstance that Ezell requested and was awarded attorneys' fees in the trial court pursuant to A.R.S. § 12–341.01(A), our dissenting colleague maintains that our denial of Ezell's fee request represents a "mechanical approach" to his request. As we have already noted, however, we do not write on a blank slate in denying Ezell's fee request because he failed to cite the basis for it in his request. Rather, our application of Rule 21(c)(1) to deny Ezell's request is based on a longstanding and consistent interpretation of the rule's requirements. *See State v. Baca*, 187 Ariz. 61, 63, 926 P.2d 528, 530 (App.1996) ("[T]he judicial interpretation of a court rule becomes as much a part of the rule as if the words were originally included therein.") (citing *State v. Bateman*, 113 Ariz. 107, 110, 547 P.2d 6, 9 (1976)).

¶ 33 Our colleague is also concerned that Rule 21(c)(1) creates a trap for the unwary practitioner. Although the entirety of our system of laws and procedures undoubtedly contain hidden traps that may ensnare incautious practitioners, we are hard-pressed to think of any procedural requirement that is as well-publicized as Rule 21(c)(1). We believe the minimal requirements necessary to

---

3. *See, e.g., In Re Guardianship of Pacheco*, 219 Ariz. 421, 430, ¶ 39, 199 P.3d 676, 685 (App. 2008); *Neal v. Brown*, 219 Ariz. 14, 20, ¶ 22, 191 P.3d 1030, 1036 (App.2008); *Roberts v. Robert*, 215 Ariz. 176, 181–82, ¶ 25, 158 P.3d 899, 904–05 (App.2007); *Bed Mart, Inc. v. Kelley*, 202 Ariz. 370, 375, ¶ 24, 45 P.3d 1219, 1224 (App.2002); *McGovern v. McGovern*, 201 Ariz. 172, 180, ¶ 28, 33 P.3d 506, 514 (App.2001); *Country Mut. Ins. Co. v. Fonk*, 198 Ariz. 167, 172, ¶ 25, 7 P.3d 973, 978 (App.2000); *Matter of Wilcox Revocable Trust*, 192 Ariz. 337, 341, ¶ 21, 965 P.2d 71, 75 (App.1998); *Bank One, Arizona, N.A. v. Beauvais*, 188 Ariz. 245, 251–52, 934 P.2d 809, 815–16 (App.1997); *Haynes v. Syntek Finance Corp.*, 184 Ariz. 332, 341, 909 P.2d 399, 408 (App.1995); *Steiner v. Steiner*, 179 Ariz. 606, 613, 880 P.2d 1152, 1159 (App.1994); *Mission Ins. Co. v. Cash, Sullivan & Cross*, 170 Ariz. 105, 110–11, 822 P.2d 1, 6–7 (App.1991), *disapproved of on other grounds by Panzino v. City of Phoenix*, 196 Ariz. 442, 445, ¶ 7, 999 P.2d 198, 201 (2000); *City of Phoenix v. Phoenix Civil Service Bd.*, 169 Ariz. 256, 260, 818 P.2d 241, 245 (App.1991); *City of Phoenix v. Superior Court*, 144 Ariz. 172, 177, 696 P.2d 724, 729 (App.1985).

comply with Rule 21(c)(1) create a level playing field in which the same rules apply to every party requesting attorneys' fees on appeal.

¶34 As the successful party on appeal, Ezell is entitled to his taxable costs incurred on appeal upon compliance with Arizona Rule of Civil Appellate Procedure 21(a).

## CONCLUSION

¶35 For the foregoing reasons, we affirm the trial court's denial of Quon's motion to set aside the default judgment.

CONCURRING: SHELDON H. WEISBERG, Presiding Judge.

GEMMILL, Judge, Concurring in part and dissenting in part.

¶36 For the reasons explained by my colleagues in the majority decision, I concur in affirming the trial court's denial of Quon's motion to set aside the default judgment. But I respectfully dissent from the majority's refusal to award the prevailing party, Ezell, an amount of reasonable attorneys' fees on appeal pursuant to A.R.S. § 12–341.01(A). The majority denies Ezell's request for fees because he failed to cite § 12–341.01 in his answering brief or otherwise on appeal. On this record, I disagree with this conclusion and the mechanical approach it represents, and I would award Ezell an amount of reasonable attorneys' fees based on § 12–341.01.

¶37 From the time he filed this contract action until now, Ezell has sought attorneys' fees based solely on § 12–341.01, and the record reveals a persistent and unequivocal focus on § 12–341.01 with respect to attorneys' fees. Section 12–341.01 is specifically cited by Ezell in his complaint. In his untimely answer, Quon requested an award of fees based on § 12–341.01. Following trial, both parties submitted written closing arguments. Ezell again specifically requested fees under § 12–341.01. Quon argued that Ezell should not be awarded fees under § 12–341.01. The trial court concluded that Ezell was entitled to an award of attorneys' fees for his unjust enrichment claim. Ezell in his application for fees again cited § 12–341.01. The trial court awarded a portion of

Ezell's requested attorneys' fees. Later, when the trial court denied Quon's motion to set aside the default judgment, the court noted that Quon's counsel appeared at the damages hearing and contested the damages, and the court specifically concluded that attorneys' fees were therefore available in accordance with § 12–341.01.

¶38 Thus, Ezell has consistently sought attorneys' fees solely on the basis of § 12–341.01. On appeal, we also focused on § 12–341.01 as we considered and rejected Quon's request that we set aside the trial court's award of fees to Ezell based on § 12–341.01. See ¶ 27 *supra.*

¶39 Ezell timely requested an award of fees on appeal by making the request in his answering brief, and he complied with the pertinent language of Rule 21(c)(1) of the Arizona Rules of Civil Appellate Procedure:

> When attorneys' fees are claimed pursuant to statute, decisional law or contract, a request for allowance of attorneys' fees in connection with the prosecution or defense of the appeal or the prosecution or defense of the case in the superior court shall be made in the briefs on appeal, or by written motion filed and served prior to oral argument or submission of the appeal.

¶40 The language of the rule *does not specifically require* that the basis for awarding fees must be stated in the briefs or by motion prior to argument or submission of the appeal. The majority relies on a requirement not stated in the Rule. In contrast, I submit that we should apply the plain meaning of our rules of procedure. *See State v. Aguilar,* 209 Ariz. 40, 47, ¶ 23, 97 P.3d 865, 872 (2004) (court rules are normally interpreted by their plain meaning); *Ariz. Dep't of Revenue v. Superior Court,* 189 Ariz. 49, 52, 938 P.2d 98, 101 (App.1997) (same). We should not interpret Rule 21(c)(1) to create a trap for the unwary. *See Nielson v. Patterson,* 204 Ariz. 530, 533 ¶ 13, 65 P.3d 911, 914 (2003) ("when a rule of procedure does not speak to a set of facts or speaks ambiguously, courts should give the rule a liberal construction rather than create a pitfall for the

unwary").[4]

¶ 41 Moreover, Rule 21(c)(2) provides that, after a recovery of attorneys' fees has been allowed by the court, the applicant shall provide a statement of the amount claimed for fees that "shall set forth any relevant statutory or contractual provisions ... relevant to the determination of a reasonable fee." This requirement is not found in Rule 21(c)(1). Under the interpretive principle of *expressio unius est exclusio alterius,* when statutes or rules set forth a requirement in one provision but do not include it in another, "we assume the absence of the requirement was intentional." *See Sharpe v. Ariz. Health Care Cost Containment Sys.,* 220 Ariz. 488, 496, ¶ 25, 207 P.3d 741, 749 (App.2009). A number of opinions from this court have assumed the existence of such a requirement in Rule 21(c)(1), but it is not to be found there.

¶ 42 The majority cites only one supreme court opinion—*Roubos*—in support of denying fees to Ezell. The *Roubos* court did write, in dicta, that a party requesting fees "must state the statutory or contractual basis for the award." 214 Ariz. at 420, ¶ 21, 153 P.3d at 1049. But the court denied fees because the request was untimely, not because the applicant failed to reiterate an obvious statutory basis for the award. *Id.* And the court did not undertake to explain why Rule 21(c)(1) requires an applicant to state the statutory, contractual, or other basis for the award.

¶ 43 Several Arizona Court of Appeals opinions have denied fees because the appellate litigant did not state the statutory or other basis for an award of fees. The majority cites thirteen such cases in footnote 3 *supra.* In none of these opinions, however, does the court explain why the language of Rule 21(c)(1) imposes the requirement of stating, in advance of the procedure established in Rule 21(c)(2), the statutory, contractual, or other basis for the award.

¶ 44 In my view we should pause and determine if the basis for fees is readily ascertainable, as it is here. I agree that it is the duty of the party seeking fees—not the court's duty—to identify the basis for an award of fees. And I agree that Rule 21(c) provides only the procedure for requesting fees and not the legal basis for such an award. *See Malad, Inc. v. Miller,* 219 Ariz. 368, 373, ¶ 28, 199 P.3d 623, 628 (App.2008). But when, as here, the legal basis for the request of fees is abundantly clear and readily ascertainable, we should exercise our discretion to consider an award of fees. *See* A.R.S. § 12–341.01(B) ("The award of reasonable attorney fees pursuant to subsection A should be made to mitigate the burden of the expense of litigation to establish a just claim or a just defense.").

¶ 45 This is not an appeal in which the basis for awarding fees is in doubt. Nor could there be any surprise to Quon if we awarded fees as we should, because the trial court awarded Ezell an amount of attorneys' fees based on § 12–341.01, we are affirming that award of fees, and Ezell has timely sought fees on appeal. These are factors we should consider in determining whether to award fees when the successful party has not stated a statutory basis for an award. *See Prendergast v. City of Tempe,* 143 Ariz. 14, 22, 691 P.2d 726, 734 (App.1984) (affirming trial court's award of attorneys' fees when no "surprise" or "prejudice" resulted from failure to identify statutory basis for fees).

¶ 46 On this record and in accordance with the language of Rule 21(c)(1), we should award an amount of reasonable attorneys' fees in favor of Ezell. I therefore respectfully dissent from the denial of fees by the majority.

---

**4.** A rule change is respectfully suggested, setting forth clearly any requirement that a party seeking fees on appeal must state, in the party's brief(s) or by motion, the statutory, contractual, or other basis entitling the party to fees. In the meantime, even though the rule does not specifically require the basis to be set out in a party's appellate brief or by motion, practitioners should be encouraged to carefully identify on appeal the basis for any fee request.