NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

IN RE DEPENDENCY AS TO M.D.

No. 1 CA-JV 23-0008
FILED 6-20-2023

---

Appeal from the Superior Court in Maricopa County
No. JD534954
The Honorable Ashley V. Halvorson, Judge

**AFFIRMED**

---

COUNSEL

Maricopa County Public Advocate, Mesa
By Suzanne W. Sanchez
*Counsel for Appellant*

Arizona Attorney General's Office, Tucson
By Jennifer L. Thorson
*Counsel for Appellee*

Maricopa County Office of the Legal Advocate, Phoenix
By Tiffany Mastin
*Counsel for Appellee M.D.*

_____

**MEMORANDUM DECISION**

Judge Michael S. Catlett delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Michael J. Brown joined.

_____

**C A T L E T T**, Judge:

¶1          Tony D. ("Father") appeals the juvenile court's order finding M.D. ("Child") dependent.  The court made that finding after Father failed to attend the dependency hearing.  Father then moved to set aside the dependency order, but the trial court denied the request.  Father argues the juvenile court erred in denying his motion to set aside because Father had good cause for his absence and a meritorious defense to dependency.  Because the juvenile court did not abuse its discretion by concluding Father failed to present a meritorious defense in his motion to set aside the dependency order, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2          Father was referred to the Department of Child Safety ("DCS") for abusing Child.  DCS, for example, obtained photographs showing what appeared to be taser marks on Child's back and upper front side, as well as injuries to his arm, stomach, and lip.  Child told a fellow student that Father "abused him and makes his face purple and beats him with a belt."  Father claimed he never abused Child or used a taser, but he admitted hitting Child with a belt after Child ran away from home on multiple occasions.  Father denied leaving any marks on Child's body but could not explain the injuries in the photographs provided to DCS.

¶3          In addition to the physical injuries, DCS also documented concerns about Child's mental health.  Child had been in counseling but reverted to negative behaviors, including exhibiting abusive tactics towards his mother and taking other actions resulting first in prolonged suspension from school and later expulsion.

¶4          DCS advised Father his actions were abusive, but Father disagreed.  Father told DCS he would not alter his discipline methods and intended to take Child to Mexico, where he thought his disciplinary methods would be viewed more favorably.  After Father's initial assertions,

DCS documented that Father's story changed and he began to deny he would continue his discipline methods.

¶5 Before the initial dependency hearing, the juvenile court notified Father that failure to attend the hearing could result in the court "deem[ing] that you have waived your legal rights and admitted to the allegations made in the petition." On October 11, 2022, Father attended a conference where the court rescheduled the dependency hearing for December 6, 2022. Four days before the hearing, Father filed a motion to continue and an alternative request to appear telephonically because he would "be out of town."

¶6 At the time of the hearing, the court had not ruled on Father's motion to continue, but Father was absent. When asked about Father's absence, his counsel informed the court that Father conveyed "he was going to be out of town" and that Father had not mentioned any "health-related issue." His counsel told the court that Father was on a plane and would attempt to call into the hearing after landing. The court denied Father's motion to continue, finding he failed to appear without good cause, and held the hearing without him. After allowing DCS to enter exhibits into the record, the court found Father admitted to using physical discipline that left marks on Child and determined Child was dependent as to Father due to abuse.

¶7 On December 19, 2022, Father filed a "motion to reconsider" relying upon Arizona Rule of Procedure for Juvenile Court 318(c), which governs motions to set aside a final order. Father argued he had good cause for his absence because he was on a plane and called into the hearing upon landing, but the hearing had concluded. The entirety of Father's attempt to assert a meritorious defense to dependency went as follows:

> Father believes there is enough information throughout this case to establish a child's behaviors finding. The child's behavior has continued while in the Department's care. From the time of removal, the child has moved placements several times, and has pending delinquency charges. The child's probation officer called into the December 6, 2022, Dependency Adjudication.

¶8 On January 4, 2023, the juvenile court denied Father's motion. The court found Father had not shown good cause for his absence because he did not dispute receiving proper notice of the hearing, and the court had notified him of his rights. The court also found Father's "conclusory and

vague argument" regarding being "unable to parent the child due to the child's behavior, which he claims is evidenced by placement disruptions and delinquency charges" did not qualify as a meritorious defense to abuse.

**¶9**     Father timely appealed.  We have jurisdiction under A.R.S. § 8-235(A).

**DISCUSSION**

**¶10**     Father argues the juvenile court abused its discretion by denying his motion to set aside because he had a meritorious defense and showed good cause.  We review a denial of a motion to set aside for an abuse of discretion.  *Christy A. v. Ariz. Dep't of Econ. Sec.*, 217 Ariz. 299, 305 ¶ 19 (App. 2007).  For a motion to set aside to be granted, a party must demonstrate good cause and a meritorious defense.  *Trisha A. v. Dep't of Child Safety*, 247 Ariz. 84, 89 ¶ 19 (2019); *see also* Ariz. R.P. Juv. Ct. 318(c).  A meritorious defense is a minimal burden.  *Trisha A.*, 247 Ariz. at 90 ¶ 26.  The requirement of a meritorious defense includes (1) some legal justification, (2) substantial evidence that is in the record, and (3) a justifiable basis to set aside the judgment.  *Gonzalez v. Nguyen*, 243 Ariz. 531, 534 ¶¶ 12–13 (2018); *see also Richas v. Super. Ct.*, 133 Ariz. 512, 514 (1982).

**¶11**     We start (and end) by considering whether Father presented a meritorious defense.  Dependency must be proven by a preponderance of the evidence.  *See* A.R.S. § 8-844(C)(1).  The court must make its dependency finding "based upon the circumstances existing at the time of the adjudication hearing." *Shella H. v. Dep't of Child Safety*, 239 Ariz. 47, 50 ¶ 12 (App. 2016).  We review a court's dependency finding for an abuse of discretion.  *Louis C. v. Dep't of Child Safety*, 237 Ariz. 484, 488 ¶ 12 (App. 2015).  For both the motion to set aside and the dependency determination, we review the evidence in the light most favorable to sustaining the court's finding and affirm unless there is no reasonable evidence to support it. *Willie G. v. Ariz. Dep't of Econ. Sec.*, 211 Ariz. 231, 235 ¶ 21 (App. 2005); *Ezell v. Quon*, 224 Ariz. 532, 534 ¶ 2 (App. 2010).

**¶12**     A child is dependent if the "home is unfit by reason of abuse, neglect, cruelty or depravity by a parent, a guardian or any other person having custody or care of the child."  A.R.S. § 8-201(15)(a)(iii).  Abuse is defined as "the infliction or allowing of physical injury, impairment of bodily function or disfigurement or the infliction of or allowing another person to cause serious emotional damage as evidenced by severe anxiety, depression, withdrawal or untoward aggressive behavior[.]"  A.R.S. § 8-201(2).

¶13 Father argues the juvenile court was required to set aside the dependency finding because he asserted a meritorious defense that his discipline was not abuse but a proportional response to Child's behavior. Father's argument in his motion to the juvenile court was even less specific. Father asserted a "child's behaviors finding" defense but did not define this term or provide any legal citation to support a "child's behavior" exception to the statutory definition of abuse. The record more than sufficiently supports a finding that Child was dependent as to Father because of abuse. The record also supports the trial court's conclusion that Father's attempt to place blame for that abuse on Child is not a valid defense. In fact, this Court has stated that we will "not hesitate to affirm a finding of dependency" when a parent "den[ies] that they are responsible for past abuse" because "such denial of responsibility supports a finding" that the parent is not "presently willing to or capable of exercising proper and effective parental care and control." *Pima Juv. Dependency Action No. 96290*, 162 Ariz. 601, 604 (App. 1990). Accordingly, Father did not present a meritorious defense, and the juvenile court did not abuse its discretion in refusing to set aside the dependency order.

¶14 Because we affirm the trial court's order based on a lack of a meritorious defense, we need not address whether Father established good cause for missing the dependency hearing. Father's absence from the dependency hearing permitted the court to "find that the parent has waived the parent's legal rights and is deemed to have admitted the allegations of the petition by the failure to appear." A.R.S. § 8-844(F).[1] The court found "the allegations of the [dependency] petition are true by a preponderance of the evidence," and thus we also affirm the dependency finding.

---

[1] Before conducting a dependency hearing with an absent parent, the juvenile court is required to make a finding that the absent parent had notice, was warned about the consequences of failing to appear, and failed to demonstrate good cause for the absence. Ariz. R.P. Juv. Ct. 338(e). Father does not argue that any failure on the court's part to make such a finding justifies reversal, and thus he has waived the argument. *See Nelson v. Rice*, 198 Ariz. 563, 567 ¶ 11 n.3 (App. 2000) (stating that a party waives an argument by failing to raise it in the opening brief on appeal). Regardless, the record demonstrates Father was aware of the hearing date and had been notified of the consequences of failing to appear.

## CONCLUSION

¶15      We affirm the juvenile court's dependency finding and subsequent denial of Father's motion to set aside the dependency order.



AMY M. WOOD • Clerk of the Court
FILED:   AA