NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

HOUSEOPOLY, LLC, *Plaintiff/Appellee*,

*v.*

SKY BOLES, *Defendant/Appellant*.

No. 1 CA-CV 22-0035
FILED 10/31/2023

Appeal from the Superior Court in Maricopa County
Nos. CV2021-014886
CV2022-050569
CV2022-050424
The Honorable Mary Collins Cronin, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Zona Law Group PC, Scottsdale
By Scott E. Williams, Amy Toppel, Mark B. Zinman
*Counsel for Plaintiff/Appellee*

Sky Boles, Phoenix
*Defendant/Appellant*

---

**MEMORANDUM DECISION**

Vice Chief Judge Randall M. Howe delivered the decision of the court, in which Presiding Judge David D. Weinzweig and Judge D. Steven Williams joined.

---

**H O W E**, Judge:

¶1        Sky Boles appealed the superior court's order denying her motion to set aside the judgment. This court issued a decision dismissing the appeal for lack of jurisdiction. *See Houseopoly LLC v. Boles*, 1 CA-CV 22-0035, 2022 WL 17491554 (App. Dec. 8, 2022). Boles then petitioned the Arizona Supreme Court for review of this court's decision. The supreme court granted the review, vacated this court's decision, and remanded to this court for further proceedings. On remand, we construe the superior court's judgment as a default judgment and Boles's motions as a single motion to set aside that default judgment. We affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2        We view the facts in the light most favorable to sustaining the superior court's ruling on a motion to set aside a default judgment. *Ezell v. Quon*, 224 Ariz. 532, 534 ¶ 2 (App. 2010). In January 2021, Houseopoly, LLC purchased at a sheriff's sale the home in which Boles lived. Houseopoly then demanded Boles vacate the property. Boles did not vacate the property and Houseopoly filed a forcible detainer action. Houseopoly attached to the complaint the demand for possession that it had mailed to Boles on September 15, 2021.

¶3        The superior court set a hearing on the action for October 15, 2021. Boles moved to continue the hearing arguing that she was recovering from surgery and was suffering from nocturnal seizures. She supported her motion with a form dated September 29, 2021, with instructions for the day of surgery. She also provided a progress note dated October 11, 2021, which showed her medical history, an assessment, and treatment plan. The preparing nurse practitioner noted that Boles had "denie[d] any seizures" and that her "[m]emory attention span and fund of knowledge [were] generally normal and unremarkable." The court granted Boles's motion and continued the hearing to November 1, 2021. The court also set the trial date for November 15, 2021.

¶4        Boles appeared at the November 1, 2021 hearing and pled not guilty. The court then ordered Boles to file an answer by November 8, 2021, and dispositive motions by November 10, 2021. It warned Boles that her failure to file an answer would result in a default judgment in Houseopoly's favor. Boles failed to file the answer or dispositive motions by the deadline. Boles also failed to appear at the trial. The superior court then entered default judgment, granting the forcible detainer.

¶5        Boles filed post-judgment motions to (1) quash the writ of restitution and vacate the judgment for medical cause; (2) extend the time to answer due to medical hardship; and (3) extend the time to file dispositive motions due to medical hardship. Boles argued that the default judgment should be set aside because she had recently suffered nocturnal seizures. She attached to the motions the same progress note that she provided in support of her motion to continue the October 15, 2021 hearing. She also provided a doctor's note dated October 13, 2020, which instructed her not to work or drive because of the recent head trauma she had suffered.

¶6        The superior court denied Boles's motions. Boles timely appealed the order denying her motions. This court has jurisdiction under A.R.S. § 12–2101(A)(2).

**DISCUSSION**

¶7        Boles argues that the superior court abused its discretion in denying her motion to set aside the default judgment because she showed medical hardship. Generally, this court reviews the superior court's order denying relief from a judgment for an abuse of discretion. *Gonzalez v. Nguyen*, 243 Ariz. 531, 533 ¶ 8 (2018). This court reviews de novo, however, the denial of a motion to vacate a void judgment for lack of jurisdiction. *Ezell*, 224 Ariz. at 536 ¶ 15.

¶8        Forcible entry and detainer actions are governed by the Rules of Procedure for Eviction Actions ("Rules"). *See* Rule 1. Boles's motion to set aside the default judgment was brought under Rule 15(a), although not explicitly cited. As relevant here, Rule 15(a) allows a party to move to set aside a judgment if the moving party shows that the court lacked jurisdiction to hear the case or the party failed to answer because of "[m]istake, inadvertence, surprise, or excusable neglect." *See* Rule 15(a)(1), (4).

¶9        Here, not only did Boles not cite Rule 15(a) in her motion, but she also did not identify any of the subsections under which she requested relief. She claimed, however, that the superior court lacked jurisdiction to

enter the default judgment and that she had recently suffered nocturnal seizures. We thus construe her arguments as claims that the default judgment should have been set aside under subsections (1) and (4).

## I.     Relief Under Rule 15(a)(1)

¶10     Boles argues that the superior court lacked jurisdiction to enter the default judgment. A judgment is void if "the court lacked jurisdiction over the subject matter, over the person, or over the particular judgment or order entered." *Master Fin., Inc. v. Woodburn*, 208 Ariz. 70, 74 ¶ 19 (App. 2004). We understand her argument to be that the court lacked jurisdiction because she did not receive a demand for possession.

¶11     The record betrays Boles's claim. The record shows that Houseopoly mailed the demand for possession via certified mail on September 15, 2021. Moreover, Boles's appearance at the November 1, 2021 hearing further shows that she received Houseopoly's written demand for possession. As a result, her argument fails.

¶12     Boles also argues that the homeowners' association lacked jurisdiction to foreclose the property because she did not owe any monies to it. But she does not point to anything in the record to support her claim. *See MacMillan v. Schwartz*, 226 Ariz. 584, 591 ¶ 33 (App. 2011) ("Merely mentioning an argument in an appellate opening brief is insufficient."). And our review of the record reveals no evidence that supports her claim. Boles has shown no error.

## II.    Relief Under Rule 15(a)(4)

¶13     To set aside a judgment under Rule 15(a)(4), the moving party must show, among other things, "[m]istake, inadvertence, surprise, or excusable neglect" in failing to answer. *Addison v. Cienega, Ltd.*, 146 Ariz. 322, 323 (App. 1985). "The general test of what is excusable is whether the neglect or inadvertence is such as might be the act of a reasonably prudent person under the same circumstances." *Coconino Pulp & Paper Co. v. Marvin*, 83 Ariz. 117, 120 (1957) (citation omitted). "[M]ere carelessness" does not warrant setting aside a default judgment. *Daou v. Harris*, 139 Ariz. 353, 359 (1984) (citation omitted). "Diligence is the final arbiter of whether mistake or neglect is excusable." *Aloia v. Gore*, 252 Ariz. 548, 552 ¶ 15 (App. 2022) (internal quotation marks and citation omitted).

¶14     The superior court did not abuse its discretion in denying Boles's motion to set aside the default judgment. Boles provided only three documents relevant to her medical hardship: (1) a form dated September

29, 2021, with instructions for the day of surgery, (2) a progress note dated October 11, 2021, and (3) a doctor's note dated October 13, 2020, advising Boles not to drive or work because of the recent head trauma she had suffered. All three documents were issued before the October 15, 2021 hearing, which the court continued. Boles then appeared at the continued November 1, 2021 hearing. By appearing, Boles demonstrated that her medical condition no longer prevented her from appearing in court or answering the action. Further, even though Boles claimed that she suffered nocturnal seizures, the progress note showed that "[s]he [had] denie[d] any seizures." Therefore, because Boles did not show that her failure to answer was excusable, the superior court did not err.

¶15        Boles also argues that medication she was taking for her nocturnal seizures caused her memory loss, which in turn caused her to mistakenly believe she had filed an answer. But she cites nothing in the record that supports her claim. *See MacMillan*, 226 Ariz. at 591 ¶ 33. In fact, the progress note showed that, after a general examination, her "[m]emory attention span and fund of knowledge [were] generally normal and unremarkable." On this record, Boles has not shown the superior court erred.[1]

---

[1]        Boles also argues that the superior court erred in consolidating two other cases she initiated with the case from which this appeal arises. But the appeal from the minute entries consolidating those cases is separate from this one and was dismissed because those minute entries were not substantively appealable under A.R.S. § 12–2101(A)(2). We therefore do not address Boles's argument on the issue.

## CONCLUSION

**¶16** We affirm. Boles's request for compensation for time lost is denied. Houseopoly requests its costs and attorneys' fees under Arizona Rule of Civil Appellate Procedure 21, but that rule does not establish a substantive basis for awarding fees. As the prevailing party, however, Houseopoly is entitled to its costs on appeal upon compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED:    TM