SUPREME COURT OF ARIZONA
En Banc

| | |
|---|---|
| WILLIAM WAYNE ROUBOS, DERRICK STEPHEN DeNOMME and KTTL ENTERPRISES-PACIFIC BEACH CLUB, INC., an Arizona corporation, dba DV8 Nightclub, | ) Arizona Supreme Court ) No.  CV-06-0181-PR ) ) Court of Appeals ) Division Two ) No.  2 CA-SA 05-0080 |
| Petitioners, | ) ) Pima County |
| v. | ) Superior Court ) No.  C20052396 |
| HON. LESLIE MILLER, JUDGE OF THE SUPERIOR COURT OF THE STATE OF ARIZONA, in and for the County of Pima, | ) ) ) ) **O P I N I O N** |
| Respondent Judge, | ) ) ) |
| CITY OF TUCSON, a municipal corporation, | ) ) ) |
| Real Party in Interest. | ) ) |

Order from Tucson City Court
The Honorable Antonio F. Riojas, Jr., Magistrate

**REVERSED AND REMANDED**
_____

Appeal from the Superior Court in Pima County
The Honorable Leslie Miller, Judge

**REVERSED**
_____

Opinion of the Court of Appeals, Division Two
213 Ariz. 36, 138 P.3d 735 (2006)

**AFFIRMED**
_____

MUNGER CHADWICK, P.L.C.                                    Tucson
      By    John F. Munger
            Laura P. Chiasson
Attorneys for William Wayne Roubos, Derrick Stephen DeNomme,
and KTTL Enterprises-Pacific Beach Club, Inc.,
dba DV8 Nightclub

MICHAEL G. RANKIN, TUCSON CITY ATTORNEY                     Tucson
      By    William F. Mills, Assistant City Attorney
            Dennis P. McLaughlin, Assistant City Attorney
Attorneys for City of Tucson

_____

**B E R C H**, Vice Chief Justice

¶1        This case requires us to decide whether a party that prevails in a civil infraction proceeding brought by a city may recover attorneys' fees under Arizona Revised Statutes ("A.R.S.") section 12-348 (2003).  We hold that it may.

## I.    FACTS AND PROCEDURAL BACKGROUND

¶2        In 2004, the City of Tucson twice cited Defendants William Roubos, Derrick DeNomme, and KTTL Enterprises-Pacific Beach Club, Inc., for violating Tucson City Code ("TCC") § 16-32 by allowing unruly gatherings at the DV8 Nightclub.  Defendants were found not responsible after a civil infraction hearing in Tucson City Court.  The magistrate nonetheless denied their request for attorneys' fees, holding that they were not entitled to such fees because the proceeding was not a "civil action."

¶3        Defendants appealed the denial of fees to the superior court, which affirmed the city court's ruling.  The court of appeals reversed, holding that Defendants were entitled to an

award of fees because they prevailed in a civil action brought against them by the City. *Roubos v. Miller*, 213 Ariz. 36, 40, ¶ 14, 138 P.3d 735, 739 (App. 2006). We granted the City's petition for review because it raises an issue of statewide importance that affects cities and towns. We have jurisdiction pursuant to Article 6, Section 5(3) of the Arizona Constitution and A.R.S. § 12-120.24 (2003).

## II. DISCUSSION

¶4 The statute under which Defendants sought attorneys' fees requires an award of fees to a party that prevails in a civil action brought against it by a city:

> **A.** [A] court shall award fees and other expenses to any party . . . which prevails by an adjudication on the merits in any of the following:
>
> 1. A civil action brought by the state or a city, town or county against the party.

A.R.S. § 12-348(A)(1). Subsection (H) of the statute, however, exempts from the fees provision "proceedings brought by a city, town or county on collection of taxes or pursuant to traffic ordinances or to criminal proceedings brought by a city, town or county on ordinances which contain a criminal penalty or fine." *Id.* § 12-348(H)(8).

¶5 Tucson City Code § 16-32(e) provides that "[a]n unruly gathering . . . constitutes a civil infraction." Thus, whether Defendants may recover fees turns on whether the civil

- 3 -

infraction proceeding in this case was a "civil action" for purposes of A.R.S. § 12-348(A)(1) and, if so, whether any provision of A.R.S § 12-348(H)(8) exempts the City from having to pay fees. We review these matters of statutory interpretation de novo. *N. Valley Emergency Specialists, L.L.C. v. Santana*, 208 Ariz. 301, 303, ¶ 8, 93 P.3d 501, 503 (2004).

## A. Meaning of "Civil Action"

¶6 To qualify for an award of fees, a party must "prevail" in a "civil action" brought by a city. Tucson concedes that Defendants prevailed in an action commenced by the City. It maintains, however, that a civil infraction *proceeding* is not a civil *action* for purposes of A.R.S. § 12-348.

¶7 When interpreting any statute, we look to its language as "the best and most reliable index of [the] statute's meaning." *N. Valley*, 208 Ariz. at 303, ¶ 9, 93 P.3d at 503 (quoting *State v. Williams*, 175 Ariz. 98, 100, 854 P.2d 131, 133 (1993)). We give words their ordinary meaning unless the legislature clearly intended a different meaning. *Mail Boxes, etc., U.S.A. v. Indus. Comm'n*, 181 Ariz. 119, 121, 888 P.2d 777, 779 (1995).

¶8 A "civil action" is commonly understood to be any action that is not a criminal prosecution. *See* BLACK'S LAW DICTIONARY 32 (8th ed. 2004); *see also State v. Wise*, 137 Ariz. 468, 470 n.3, 671 P.2d 909, 911 n.3 (1983) (approving reference

to dictionary to determine ordinary meaning). Ordinance violations are classified by the Tucson City Code as "civil" infractions rather than criminal misdemeanors. *See* TCC § 16-32(e). Procedure in civil infraction cases is, moreover, governed by the Tucson Local Rules of Practice and Procedure in City Court Civil Proceedings, *see* TCC § 8-8, and appeals from civil infraction proceedings are governed by the Superior Court Rules of Procedure – Civil, *see* TCC § 16-51. The City's choice to classify the violations as civil infractions and to apply rules for civil proceedings suggests that civil infraction proceedings are not criminal actions, but rather are "civil actions."

¶9 The City nonetheless urges us to ignore the usual meaning of the term civil action and instead to narrowly construe it to exclude civil infraction proceedings. The City contends that civil actions include only those proceedings governed by the Arizona Rules of Civil Procedure or proceedings held in justice court. We disagree. While application of the Rules of Civil Procedure provides compelling evidence that a proceeding is a civil action, it does not follow that only those proceedings governed by the Rules of Civil Procedure qualify as civil actions. Indeed, several examples suggest that the opposite is true. For example, in family court proceedings the Rules of Civil Procedure do not apply, *see* Ariz. R. Fam. L.P.

- 5 -

2(A), yet the mere inapplicability of those rules does not turn family court proceedings into criminal or quasi-criminal actions. Traffic and juvenile cases similarly are not conducted pursuant to the Arizona Rules of Civil Procedure, yet they are classified as civil proceedings as well. *See* Ariz. R.P. Civ. Traf. Viol. Cases 1; Ariz. R.P. Juv. Ct. 1(A).

¶10 Defendants' position that civil infraction proceedings constitute civil actions also finds support in statute. The legislature has allowed civil infraction proceedings to be conducted as civil actions:

> The city or town may maintain a civil action in the municipal court for the recovery of a penalty or forfeiture provided for the violation of an ordinance. The action shall be brought and conducted as civil actions in justice of the peace courts.

A.R.S. § 22-406 (2002). The city court hearing in which Defendants prevailed was an action authorized by A.R.S. § 22-406. The use of the phrase "civil action" in § 22-406 to describe the conduct of civil infraction proceedings indicates that such proceedings are civil actions for purposes of § 12-348(A)(1). *See Wash. Nat'l Ins. Co. v. Employment Sec. Comm'n*, 61 Ariz. 112, 119, 144 P.2d 688, 691-92 (1944) (noting "that legislative construction in one act of the meaning of certain words is entitled to consideration in construing the same words appearing in another act").

¶11 The City counters that A.R.S. § 22-406 merely

authorizes civil actions to collect fines or penalties imposed in prior ordinance violation proceedings and does not categorize the underlying penalty-finding proceeding as a civil action. Only the collection proceeding, the City argues, qualifies as a "civil action." The underlying civil infraction proceedings, the City maintains, remain "civil offense proceedings" governed by A.R.S. § 9-500.21 (Supp. 2006).

¶12    We are not persuaded. A civil action "for the recovery of a penalty" is a term of art referring to the enforcement of an ordinance in the first instance. *See* 9A Eugene McQuillin, THE LAW OF MUNICIPAL CORPORATIONS § 27.05, at 292 (3d ed. rev. 1996) ("In this country there are two modes ordinarily recognized for enforcing penal ordinances. One is an action to recover the penalty, and the other is the ancient and familiar summary proceeding on information or complaint."); *see also* 62 C.J.S. *Municipal Corporations* § 204(c) (1999) ("[V]iolations of municipal ordinances or regulations may be enforced by a civil action to recover a penalty . . . ."). Thus, we conclude that A.R.S. § 22-406 authorizes actions to enforce ordinances, not merely to recover penalties, through civil infraction proceedings that are conducted as civil actions.

¶13    We also do not agree with the City's contention that civil infraction proceedings are a separate type of case

- 7 -

authorized by A.R.S. § 9-500.21.  That section requires a "city or town that classifies ordinance violations as civil offenses [to] establish procedures to hear and determine these violations."  *Id.*  The statute does not create a new type of "civil offense" proceeding that is something other than a civil action.  It merely requires cities to establish procedures if they choose to enforce their ordinances civilly under § 22-406.

¶14     The City's argument that civil infraction proceedings are not civil actions fails for yet another reason.  The Tucson City Charter provides that "[t]he violation . . . of any ordinance of the city . . . may be prosecuted by the authorities of the city . . . or may be redressed by civil action, at the option of the mayor and council."  Tucson City Charter ch. 25, § 5.  The Charter thus allows two options for enforcing ordinances, one civil and one criminal.  *See id.; see also* A.R.S. § 9-240(B)(28)(c) (Supp. 2006).  By choosing to use summary civil proceedings rather than criminal prosecutions, the City has avoided the higher standard of proof that applies in criminal cases as well as other procedural restrictions. *Compare* TCC § 8-8 ("The rules of criminal procedure of the state shall apply to all criminal proceedings in city court."), *with* Tucson Local R. Practice & P. in City Ct. Civ. Proceedings 11 (preponderance of the evidence standard of proof applies in civil cases).  It has, on the other hand, subjected itself to

payment of fees in those cases in which it cannot meet the lower civil standard of proof. The City cannot take the benefit of its choice to pursue ordinance violations as civil actions without also bearing the burden of that choice.

¶15    Finally, the City argues that allowing an award of fees is incompatible with the summary nature of civil infraction proceedings. Because the summary nature of civil infraction proceedings does not affect the disparity in resources between cities and parties, however, we are not persuaded.

¶16    When interpreting statutes, we also strive to "give effect to legislative intent." *Mail Boxes, etc.*, 181 Ariz. at 121, 888 P.2d at 779. While legislative intent may sometimes be difficult to ascertain, in this case, when the legislature enacted § 12-348 in 1981, it stated its intent to protect citizens from the high cost of defending against unreasonable governmental actions. 1981 Ariz. Sess. Laws, ch. 208, § 1. The legislature chose to mitigate that burden by allowing awards of reasonable fees to those who prevail against governmental entities. *Id.* The legislature explained:

> **A.** The legislature finds that certain individuals . . . may be deterred from seeking review of or defending against unreasonable governmental action because of the expense involved in securing the vindication of their rights. The economic deterrents to contesting governmental action are magnified in these cases by the disparity between the resources and expertise of these individuals and their government.

> **B.** The purpose of this section is to reduce the deterrents and the disparity by entitling prevailing parties to recover an award of reasonable attorney fees, expert witness fees and other costs against the state.

*Id.* This remedial purpose supports our broad interpretation of the phrase "civil action."

¶17       The ordinary meaning of civil action, as well as the use of that phrase in § 22-406 to describe civil infraction proceedings, demonstrates that civil infraction proceedings are civil actions for purposes of A.R.S. § 12-348(A)(1).   The expressed legislative purpose of the statute also confirms that parties that prevail in civil infraction proceedings may recover fees and costs.

## B.   Exceptions to Attorneys' Fees Provision

¶18       Having determined that the proceeding in this case was a civil action for purposes of A.R.S. § 12-348(A)(1), we turn to whether subsection (H) of that statute excepts civil infraction proceedings from the fees provision.   Because the City has conceded that the civil infraction proceedings at issue are not criminal proceedings, the only exception that could apply is the one for proceedings arising from "traffic ordinance" violations. The City argues that the legislature intended to exempt civil infraction proceedings when it listed traffic ordinance proceedings, because the two proceedings are similar in nature. We do not agree.

**¶19** The fees statute "mandate[s] awards to all parties prevailing against the state [or city], absent an *affirmative statutory prohibition*." *Estate of Walton v. State*, 164 Ariz. 498, 501, 794 P.2d 131, 134 (1990) (emphasis added); *see also Cortaro Water Users' Ass'n v. Steiner*, 148 Ariz. 314, 317, 714 P.2d 807, 810 (1986). Thus, the legislature must specifically list a class of proceedings in subsection (H) for those proceedings to be exempted from the fees provision.

**¶20** The legislature has not specifically listed civil infraction proceedings in § 12-348(H), demonstrating that it intended the fees provision to apply to those proceedings. *See Powers v. Carpenter*, 203 Ariz. 116, 118, ¶ 10, 51 P.3d 338, 340 (2002) (explaining that when a statute expressly lists certain items, we presume that the legislature intended to exclude similar items that are not listed). The legislature knows how to exempt proceedings when it wishes to do so, *see* A.R.S. § 12-348(H)(1)-(8) (listing several types of proceedings), and it has not chosen to exempt civil infraction proceedings. The legislature may, of course, amend § 12-348(H) if it determines that civil infraction proceedings should be exempted. Absent such a legislative exemption, however, we cannot judicially create one.

**C. Attorneys' Fees on Appeal**

**¶21** In their supplemental brief, Defendants requested fees

incurred in responding to the City's petition to this Court. When a party requests fees, it not only must state the statutory or contractual basis for the award, but also must make the request in a timely manner. Rule 21(c)(1) of the Arizona Rules of Civil Appellate Procedure requires that "a request for allowance of attorneys' fees shall be made in the petition or cross-petition for review or response thereto." In this case, Defendants failed to request fees in their response to the City's petition for review. We thus deny the request as untimely. *See Powell v. Washburn*, 211 Ariz. 553, 560, ¶ 29, 125 P.3d 373, 380 (2006).

### III. CONCLUSION

¶22 We hold that civil infraction proceedings are civil actions for purposes of the attorneys' fees provision in A.R.S. § 12-348(A)(1), and nothing in A.R.S. § 12-348(H)(8) provides an exception for such proceedings from the application of the fees provision. We therefore affirm the judgment of the court of appeals that Defendants are entitled to an award of attorneys' fees, reverse the contrary judgments of the superior court and city court, and remand the case for proceedings consistent with this opinion.

_____

Rebecca White Berch, Vice Chief Justice

CONCURRING:


_____
Ruth V. McGregor, Chief Justice


_____
Michael D. Ryan, Justice


_____
Andrew D. Hurwitz, Justice


_____
W. Scott Bales, Justice