274 P.3d 516

**Gregory BEST, a single man,
Plaintiff/Appellant,**

v.

**Arturo MIRANDA, Defendant/Appellee.**

**No. 1 CA–CV 10–0886.**

Court of Appeals of Arizona,
Division 1, Department D.

March 15, 2012.

Gregory Best, Phoenix, Plaintiff/Appellant In Propria Persona.

Alfred Sorenson, Attorney at Law by Alfred R. Sorenson, Phoenix, Attorney for Defendant/Appellee.

## OPINION

BROWN, Judge.

¶ 1 In this option contract case, Gregory Best challenges the trial court's grant of summary judgment in favor of Arturo Miranda. Because we conclude that Best's attempt to enforce the option contract failed as a matter of law when he did not tender the full purchase price in accordance with the contract's express terms, we affirm.

## BACKGROUND [1]

¶ 2 In March 2004, Best and Miranda signed an agreement granting Best the exclusive option to buy property in South Phoenix from Miranda for $165,000, to be paid in full on or before March 31, 2005. Best attempted to exercise the option prior to its expiration by sending Miranda two written notices in February and March 2005, which Miranda denied receiving. Best later opened escrow in November, but never paid the purchase price to Miranda or placed the money into the escrow account.

¶ 3 Requesting specific performance, Best sued Miranda for breach of contract in July 2005 and moved for summary judgment in December 2006. Miranda successfully re-quested a stay of the lawsuit pending resolution of separate litigation commenced by the Arizona Attorney General against Best relating to thirty-seven option contracts he executed with South Phoenix homeowners, including Miranda. In the meantime, the trial court inadvertently granted Best's motion for summary judgment by default when Miranda did not respond. Miranda moved for reconsideration, which the court granted on March 13, 2007.

¶ 4 The trial court lifted the stay on January 6, 2010. Miranda responded to Best's motion for summary judgment and filed a cross-motion for summary judgment. Following a hearing, the trial court denied Best's motion, granted Miranda's motion, and awarded Miranda attorneys' fees and costs. Best timely appealed.

## DISCUSSION

¶ 5 Best argues the trial court erred in granting Miranda summary judgment because it improperly construed the contract to require Best to tender the full purchase price before Miranda was obligated to transfer title to Best. Best further asserts that Miranda breached the implied covenant of good faith and fair dealing in failing to respond to Best's written notices indicating his intent to exercise the option.

¶ 6 Summary judgment may be granted when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Ariz. R. Civ. P. 56(c). In reviewing a motion for summary judgment, we determine de novo whether any genuine issues of material fact exist and whether the superior court properly applied the law. *Eller Media Co. v. City of Tucson,* 198 Ariz. 127, 130, ¶ 4, 7 P.3d 136, 139 (App.2000). Summary judgment in favor of either party is appropriate only "if the facts produced in support of the [other party's] claim or defense have so little probative value, given the quantum of evidence required, that reasonable people could not agree with the conclusion advanced by the proponent of the claim or defense." *Orme*

---

1. We view the facts and the inferences to be drawn from them in the light most favorable to Best. *Prince v. City of Apache Junction,* 185 Ariz. 43, 45, 912 P.2d 47, 49 (App.1996).

*Sch. v. Reeves,* 166 Ariz. 301, 309, 802 P.2d 1000, 1008 (1990).

■ ¶ 7 We construe option agreements narrowly, and "an option must be exercised strictly according to the terms and conditions in the option." *Andrews v. Blake,* 205 Ariz. 236, 246, ¶ 34, 69 P.3d 7, 17 (2003); *Rogers v. Jones,* 126 Ariz. 180, 182, 613 P.2d 844, 846 (App.1980) ("[T]he law is crystal clear that an option agreement must be strictly construed, in that it must be exercised in exact accord with its terms and conditions."). Thus, we look first to the terms of the option agreement pertaining to the proper exercise of the option and then determine whether Best strictly complied with those terms.

■ ¶ 8 The contract between Best and Miranda provides in relevant part:

> The total purchase price is $165,000. *That amount must be paid in full on or before the 23rd hour (11 p.m.) on the day of the month listed in March of the year 2005 (3–31–05).* The above said date is the **Expiration Date** for said contract, unless both parties agree to renew prior to expiration within the laws of Arizona.

> Upon payment to Miranda Arturo C (Optionor) of said amount, the below signed property owner promises to relinquish his *complete* ownership rights to above said parcel of Real Property.

(Emphasis added.)

¶ 9 Based on the plain language of the agreement, to exercise the option, Best was required to pay the purchase price in full "on or before" the expiration date. The agreement further provides that "[u]pon payment to Miranda," Miranda would relinquish his ownership rights to Best. There is no notice requirement; instead, the terms plainly outline that the option could only be exercised by payment of the full purchase price of $165,000, which did not occur.

¶ 10 Best maintains that he exercised the option by sending written notices to Miranda of his intent to exercise his option rights and by opening escrow. However, the option contract does not state that either notification or opening escrow constitutes a valid exercise of the option to purchase. Rather, the terms expressly require full payment of the purchase price. It is undisputed that Best never tendered the full purchase price to Miranda or placed the required funds in escrow.[2] Because the option agreement did not provide any alternative method for exercising the option, Best's actions did not comply with the explicit terms of the agreement, and he failed to validly exercise his option rights. *See Rogers,* 126 Ariz. at 182, 613 P.2d at 846 (finding as a matter of law that party seeking to enforce option failed to tender full payment of the purchase price, which was an integral part of the option contract).

■ ¶ 11 Best argues that the trial court erred in failing to consider evidence of the parties' contrary understanding of what would suffice to exercise the option. Best included deposition testimony and affidavits to support his contention that the parties believed notification was sufficient to exercise the option and require Miranda to transfer title to Best.[3] However, even assuming the parties had an oral agreement permitting exercise of the option by notification, evidence of such an agreement would generally be inadmissible under the statute of frauds. *See Chevron U.S.A. Inc. v. Schirmer,* 11 F.3d 1473, 1477–78 (9th Cir.1993) (noting Arizona's statute of frauds requires an option to purchase real property to be in writing); *Lyon v. Big Bend Dev. Corp.,* 7 Ariz.App. 1, 4, 435 P.2d 732, 735 (1968) (explaining that the parties may not "resort to the use of parol evidence to construct the terms of an option agreement relating to real property which agreement is required by the Statute of Frauds to be in writing"); *Kammert Bros. Enters., Inc. v. Tanque Verde Plaza Co.,* 4

---

2. Even if we assume that placing the full payment in escrow would have been sufficient to exercise the option under the contract, Best did not open escrow until more than seven months after the option expired.

3. On appeal, Best filed a "Notice of Recent Ruling to Support Appellant's Claims," asking us to take judicial notice of a default judgment rendered in his favor in a lawsuit he filed with regard to a similar option contract. Finding no relevance to the current case, we decline to consider this extra material.

Ariz.App. 349, 360, 420 P.2d 592, 603 (1966) (holding that a modification of a material term of an agreement, which was required by the statute of frauds to be in writing, must also be in writing), *vacated on other grounds*, 102 Ariz. 301, 428 P.2d 678 (1967). Best has not alleged that any exception to the statute of frauds supports his position; therefore, the trial court correctly disregarded evidence of an oral agreement that would have varied the contract's terms.

¶ 12 In addition, Best argues that Miranda breached the duty of good faith and fair dealing when he failed to cooperate with Best's written notices of his desire to exercise the option to purchase. Best is correct that all contracts include an implied covenant of good faith and fair dealing. *See Maleki v. Desert Palms Prof'l Props.*, 222 Ariz. 327, 333, ¶ 28, 214 P.3d 415, 421 (App.2009). However, this duty does not require a party to accept a purported exercise of an option to purchase that does not comply with the terms of the option agreement. *See Ensign v. Bohn*, 1 Ariz.App. 386, 388, 403 P.2d 321, 323 (1965) ("If an option expresses the manner in which the exercise thereof is to be made, the optionee must comply therewith in order to cause a contract of purchase to come into existence."). Until Best exercised the option to purchase by tendering the full purchase price, no contract of purchase came into existence, and Miranda had no obligation to act.

¶ 13 Best next asserts that if the letters he sent Miranda were insufficient to exercise the option, Miranda was required by the agreement and Arizona law to alert him to the deficiencies in his performance and to provide a cure period. For this proposition, Best directs us to Restatement (Second) of Contracts § 205 (1981),[4] but we are unable to find any support in that section for his assertion that either notice or a cure period was required. Best does not direct us to any other authority, nor are we aware of any, that would require notice or an opportunity to cure under these circumstances.

¶ 14 Finally, Best argues that summary judgment was improper because "two reasonable [people] have reached different conclusions on the same issue." He asserts a genuine issue of material fact exists because he received two different rulings on his motions for summary judgment from two different judges. However, Best's argument fails to recognize that the trial court granted him summary judgment on procedural grounds based on the court's mistaken belief that Miranda had failed to timely respond to Best's motion. That order was later vacated. The court's order on September 20, 2010 granting Miranda summary judgment is the only ruling addressing the merits of Best's specific performance action. Moreover, in reviewing a motion for summary judgment, we determine de novo whether any genuine issues of material fact exist and whether the trial court properly applied the law. *See Eller*, 198 Ariz. at 130, ¶ 4, 7 P.3d at 139.

¶ 15 Miranda requests attorneys' fees and costs incurred on appeal. We deny his request for fees because he failed to cite any authority in support of his request. *See Roubos v. Miller*, 214 Ariz. 416, 420, ¶ 21, 153 P.3d 1045, 1049 (2007) ("When a party requests fees, it . . . must state the statutory or contractual basis for the award[.]"). As the prevailing party, however, Miranda is entitled to an award of costs upon compliance with Arizona Rule of Civil Appellate Procedure 21.

## CONCLUSION

¶ 16 For the foregoing reasons, we affirm the trial court's grant of summary judgment.

CONCURRING: PETER B. SWANN, Presiding Judge, and JON W. THOMPSON, Judge.

---

4. Section 205 states: "Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement."