296 P.3d 91

**In re the Matter of Brenda MORENO, Petitioner/Appellee,**

v.

**Jose A. SILVA, Jr., Respondent/Appellee.**

**Rosa M. Martinez, Intervenor/Appellant.**

**No. 1 CA–CV 11–0385.**

Court of Appeals of Arizona, Division 1, Department D.

Jan. 24, 2013.

Law Offices of Otilia M. Diaz By Otilia M. Diaz Phoenix, Attorneys for Petitioner/Appellee.

Rosa M. Martinez, Surprise, In Propria Persona Intervenor/Appellant.

## OPINION

GEMMILL, Judge.

¶ 1 Rosa Martinez ("Grandmother") appeals the family court's order denying her petition for visitation with her grandchildren. In a separate memorandum decision issued contemporaneously with this opinion, we affirm the family court's ruling denying Grandmother any court-ordered visitation. In this opinion, we conclude that Brenda Moreno ("Mother") is entitled to an award of attorneys' fees on appeal against Grandmother. Only our resolution of Mother's request for attorneys' fees warrants publication. *See* ARCAP 28(g); Ariz. R. Sup.Ct. 111(h).

## AWARD OF ATTORNEYS' FEES ON APPEAL

¶ 2 Arizona Rule of Civil Appellate Procedure ("ARCAP") 21(c)(1) was amended effective January 1, 2012, to provide in pertinent part:

A claim for allowance of attorneys' fees shall be made in the briefs on appeal or by written motion filed and served before oral argument or submission of the appeal. . . . All claims for attorneys' fees must *specifically state the statute*, rule, decisional law, contract, or other provision authorizing an award of attorneys' fees.

(Emphasis added.) In Mother's answering brief filed on January 7, 2012, she requested an award of attorneys' fees on appeal, but she did not expressly include "25–324"—the numeric designation of the applicable Arizona Revised Statutes ("A.R.S.") section. We conclude, however, that that Mother has "specifically stated" A.R.S. § 25–324 (Supp.2011) by presenting her request for an award of fees in the precise operative language of the statute.

¶ 3 Section 25–324(A) provides in pertinent part:

The court from time to time, after considering the *financial resources* of both parties and *the reasonableness of the positions each party has taken throughout the proceedings,* may order a party to pay a reasonable amount to the other party for the costs and expenses of maintaining or defending any proceeding under this chapter or chapter 4, article 1 of this title.

(Emphasis added.) Mother, in her answering brief, requested that we enter an award of attorneys' fees in her favor after considering "(1) her *financial resources* and (2) *the reasonableness of the positions each party has taken throughout the proceedings."* (Emphasis added.) Because this request states the precise language of A.R.S. § 25–324, Mother has complied with ARCAP 21(c)(1). We respectfully disagree with our dissenting colleague's view that ARCAP 21(c)(1) requires a bluebook citation even though the brief otherwise "specifically states" the statutory basis for fees.[1]

¶ 4 In accordance with A.R.S. § 25–324, we have considered the reasonableness of the positions taken on appeal. Because Grandmother's groundless arguments have forced Mother to incur significant expense in defending this appeal, we will award Mother an amount of reasonable attorneys' fees and

---

1. We also note that our dissenting colleague, in footnote 3, *infra*, references this writer's dissent in *Ezell v. Quon,* 224 Ariz. 532, 233 P.3d 645 (App.2010), but does not fully describe the *Ezell* dissent. It is true that the *Ezell* dissent pointed out that ARCAP 21(c)(1) should be amended to eliminate a "trap for the unwary." *Id.* at 540–41 n. 4, ¶ 40, 233 P.3d at 653–54 n. 4. This goal has been accomplished by the recent amendment of Rule 21(c). The *Ezell* dissent, however, also asserted that this court retained discretion to consider an award of attorneys' fees when "the legal basis for the request of fees is abundantly clear and readily ascertainable." *Id.* at 541, ¶ 44, 233 P.3d at 654. Here, the legal basis for Mother's request for an award of fees on appeal is quite clear because it was presented in the exact language of the statute, Mother specifically cited § 25–324 when requesting fees in family court, and § 25–324 is generally applicable in family court appeals.

costs upon her compliance with ARCAP 21(c).

## CONCLUSION

¶ 5 We affirm the family court's ruling denying Grandmother's petition for visitation, and we award Mother reasonable attorneys' fees and costs on appeal, to be paid by Grandmother, Rosa Martinez.

CONCURRING: PETER B. SWANN, Judge.

GOULD, Judge, concurring in part and dissenting in part.

¶ 6 I concur with the majority's decision in affirming the family court's ruling denying Grandmother's petition for visitation. I respectfully dissent, however, from the majority's decision to award Mother her attorneys' fees because Mother cites no basis for her request.

¶ 7 A party's request for attorneys' fees on appeal must be made pursuant to Rule 21(c)(1), Arizona Rules of Civil Appellate Procedure. Rule 21(c)(1), as amended January 1, 2012, provides:

A claim for allowance of attorneys' fees shall be made in the briefs on appeal or by written motion filed and served before oral argument or submission of the appeal. All claims for attorneys' fees must specifically state the statute, rule, decisional law, contract, or other provision authorizing an award of attorneys' fees.

¶ 8 The requirements of Rule 21(c)(1) are clear and unambiguous. A party "shall" cite a statute, rule, decisional law, contract or other provision in support of their request for attorneys' fees. Mother has cited no substantive basis for her fee request, and as a result she is not entitled to an award of fees. Numerous cases interpreting Rule 21(c)(1) support this result. *Flood Control Dist. Of Maricopa Cnty. v. Paloma Inv. Ltd. P'ship*, 230 Ariz. 29, 279 P.3d 1191 (App.2012); *Assyia v. State Farm Mut. Auto. Ins. Co.*, 229 Ariz. 216, 273 P.3d 668 (App.2012); *Best v. Miranda*, 229 Ariz. 246, 274 P.3d 516 (App. 2012).

¶ 9 Before its amendment in 2012, Rule 21(c)(1) [2] also required a party to cite the substantive basis for an award. Our supreme court recognized this requirement in *Roubos v. Miller*, 214 Ariz. 416, 420, ¶ 21, 153 P.3d 1045, 1049 (2007), and numerous other cases have made it clear that a request for attorneys' fees on appeal must identify the authority upon which the request is based. *See Ezell v. Quon*, 224 Ariz. 532, 539 n. 3, ¶ 31, 233 P.3d 645, 652 n. 3 (App.2010) (citing cases and authorities in support of the rule that a fee request will be denied if a party fails to identify the authority upon which the request is based). This long-standing requirement has even greater force under the current version of Rule 21(c)(1), which sets forth the requirement that a party must cite the basis for an award of fees in terms far more specific than the prior version of the Rule.[3]

¶ 10 I recognize that Mother has alleged in her brief the requisite grounds for recovery of fees under A.R.S. § 25–324(A).[4] However,

---

**2.** Prior to the January 1, 2012 amendment, Rule 21(c)(1), Arizona Rules of Civil Appellate Procedure provided, in relevant part:

When attorneys' fees are claimed pursuant to statute, decisional law or contract, a request for allowance of attorneys' fees in connection with the prosecution or defense of the appeal or the prosecution or defense of the case in superior court shall be made in the briefs on appeal, or by written motion filed and served prior to oral argument or submission of the appeal.

**3.** The dissent in *Ezell*, which argued for an award of attorneys' fees despite Appellant's failure to cite a legal basis for the award, claimed that the prior version of Rule 21(c)(1) did not "specifically require" a party to state the basis

for awarding fees. The dissent suggested that Rule 21(c)(1) should be changed "setting forth clearly any requirement that a party seeking fees on appeal must state ... the statutory, contractual, or other basis entitling the party to fees." *Ezell*, 224 Ariz. at 540–41 n. 4, ¶ 40, 233 P.3d at 653–54 (Gemmill, J., dissenting). The current version of Rule 21(c)(1) would appear to satisfy the concern raised by the dissent in *Ezell*.

**4.** A.R.S. § 25–324(A) provides, in relevant part: A court ... after considering the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings, may order a party to pay a reasonable amount to the other party for costs and expenses of maintaining or defending any proceeding....

she has not cited A.R.S. § 25–324(A), the statutory basis for the fee award. The cases interpreting Rule 21(c)(1) make it clear that because Mother has not cited the legal authority for her request, she is not entitled to fees. While some may view this as an overly mechanical approach, I view it as a bright-line rule that has been clearly laid out for over 25 years. If the rule seems harsh or unfair, the proper remedy is to amend the rule.