NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

In re the Matter of:

STEVEN D. JOHNSON, *Petitioner/Appellant*,

*v.*

MICHELLE JOHNSON, *Respondent/Appellee*.

No. 1 CA-CV 18-0137 FC
FILED 10-18-2018

Appeal from the Superior Court in Maricopa County
No. DR1998-017225
The Honorable Kristin R. Culbertson, Judge

**AFFIRMED**

COUNSEL

Raymond S. Dietrich PLC, Phoenix
By Raymond S. Dietrich
*Counsel for Petitioner/Appellant*

The Harrian Law Firm, PLC, Glendale
By Daniel Seth Riley
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

---

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Maria Elena Cruz and Judge Randall M. Howe joined.

---

**J O H N S E N**, Judge:

¶1 Steven Johnson ("Husband") appeals from an order denying his motion for relief from a 2008 domestic relations order ("DRO") that allocated a portion of his retirement benefits to Michelle Johnson ("Wife"). The superior court did not abuse its discretion in denying Husband's motion because it was untimely; therefore, we affirm.

**FACTS AND PROCEDURAL BACKGROUND**

¶2 During the marriage, Husband worked for the Mesa Police Department, where he accrued retirement benefits under the Arizona Public Safety Personnel Retirement System. Participants in this system do not contribute to the Social Security system. *See Kohler v. Kohler*, 211 Ariz. 106, 110, ¶ 14 (App. 2005). Pursuant to a 1999 consent decree, the parties agreed to divide the community interest in Husband's retirement benefits by way of a DRO. In 2008, the superior court signed the parties' stipulated DRO, which stated that the community had a 50% interest in Husband's retirement benefits earned during the marriage.

¶3 In 2017, relying on an Arizona Supreme Court decision decided in 2000, Husband sought relief from the DRO. In *Kelly v. Kelly*, 198 Ariz. 307 (2000), one spouse participated in a retirement plan in which a portion of his retirement contributions were in lieu of Social Security contributions. *Kelly* held that to achieve an equitable allocation in such circumstances, the superior court may treat a portion of that spouse's retirement benefits as separate property if the other spouse contributed to Social Security, which, by federal law, remains separate property not subject to allocation upon divorce. *Id.* at 309, ¶¶ 9-11.

¶4 Here, Husband argued he was entitled to relief from the 2008 DRO because it failed to apply a *Kelly* adjustment. Wife responded that Husband's motion was untimely because it was filed 17 years after the *Kelly* decision and nine years after entry of the DRO. Ruling on cross-motions for summary judgment, the superior court denied Husband's motion for

relief as untimely, finding he should have sought to apply the *Kelly* adjustment no later than 2008, when the parties entered the stipulated DRO.

**¶5**		Husband filed a timely notice of appeal. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) (2018) and -2101(A)(2) (2018).[1] *See Vincent v. Shanovich,* 243 Ariz. 269, 270, ¶ 1 (2017).

## DISCUSSION

**¶6**		We review the superior court's ruling as to the timeliness of a motion for relief for an abuse of discretion. *See Martin v. Martin,* 182 Ariz. 11, 16 (App. 1994). Pursuant to Arizona Rule of Family Law Procedure 85(C)(2), a motion for relief from judgment must be filed within a "reasonable time." The record supports the court's conclusion that Husband's motion was untimely.

**¶7**		Husband sought relief under Rule 85(C)(1)(f), which allows the court to relieve a party from a final judgment or order "for any other reason justifying relief." This rule "ha[s] been used liberally in reopening otherwise final court orders where there has been a change in the law affecting the substantial rights of a litigant." *Edsall v. Superior Court (Edsall),* 143 Ariz. 240, 243 (1984).[2] The change in the law Husband relies upon is the *Kelly* decision. However, that decision was issued eight years *before* the stipulated DRO. Thus, the change in the law predated the DRO from which Husband seeks relief. Husband failed to include the *Kelly* adjustment in the stipulated DRO, which his own lawyer prepared. As the superior court noted, Husband should have requested the *Kelly* adjustment when the parties were litigating the DRO in 2008. Thus, his 2017 request for relief from the DRO was untimely.

**¶8**		Husband contends this case is similar to *Carranza v. Gonzales,* 2016 WL 3101784 (Ariz. App. June 2, 2016) (mem. decision). The decree of dissolution in that case was entered five years before *Kelly* and did not include any method for allocating the community's interest in the pensions, and this court held the *Kelly* adjustment could be applied retroactively. *Id.* at *3-4, ¶¶ 14-16. The decree in *Carranza* "anticipated a future order

---

[1]		Absent material revision after the relevant date, we cite the current version of a statute or rule.

[2]		*Edsall* addressed Arizona Rule of Civil Procedure 60(C), which is identical to Arizona Rule of Family Law Procedure 85(C).

detailing the formula for allocating the pensions." *Id.* at *3, ¶ 14. Here, by contrast, the 2008 DRO was the "future order" detailing the formula for allocating Husband's retirement benefits. Had Husband raised the *Kelly* adjustment during the 2008 DRO proceedings, this case would be in the same posture as *Carranza*. But Husband failed to address *Kelly* when the parties litigated the DRO in 2008; thus, his attempt to raise the issue now is untimely.

**¶9** We also reject Husband's contention that his motion was not untimely because the amount of the retirement benefit could not be calculated until he retired in 2017. The decree incorporated a property settlement agreement that stated the community portion of the retirement benefits would be "defined pursuant to a Van Loan formula." The 2008 DRO set forth the fractional interest and specified that Wife is entitled to half that amount.[3] The amended DRO Husband proposed in 2017 contained the same formula as in the 2008 DRO, but reduced Wife's share from 50% to 33.9%, presumably to apply the *Kelly* adjustment. Contrary to Husband's argument, the specific benefit amount was not included in the DRO he proposed in 2017. Therefore, Husband had no need to wait until he actually retired in 2017 to request application of the *Kelly* adjustment.

**¶10** Wife requests an award of attorney's fees on appeal but does not cite any statutory authority supporting her request. For that reason, we deny her request. *See Roubos v. Miller,* 214 Ariz. 416, 420, ¶ 21 (2007); *see also*

---

[3] The stipulated DRO describes the numerator/denominator for determining Wife's fractional interest as follows:

Months married as Member (through January 1, 1999) / Total months as a Member x 1/2 = Alternate Payee's Portion.

Arizona Rule of Civil Appellate Procedure ("ARCAP") 21(a)(2). As the successful party, however, Wife is entitled to her costs on appeal upon compliance with ARCAP 21. *See* A.R.S. § 12-342 (2018).

**CONCLUSION**

**¶11** We affirm the superior court's order denying Husband's motion for relief from the 2008 DRO.

