NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

ANDREW THOMPSON, et al., *Plaintiffs/Appellees,*

*v.*

KENT BURTON, et al., *Defendants/Appellants.*

No. 1 CA-CV 18-0122
FILED 3-26-2020

Appeal from the Superior Court in Maricopa County
No. CV2017-007725
The Honorable David W. Garbarino, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Gallagher & Kennedy, PA, Phoenix
By Mark C. Dangerfield
*Counsel for Defendants/Appellants*

**MEMORANDUM DECISION**

Presiding Judge David D. Weinzweig delivered the decision of the Court, in which Judge Jennifer M. Perkins and Judge James B. Morse Jr. joined.

**W E I N Z W E I G**, Judge:

¶1        Former tenants appeal from the superior court's judgment for a commercial landlord in a forcible entry and detainer ("FED") action.  We affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2        Andrew Thompson and Linda Thompson are trustees of The Thompson Family Living Trust (the "Landlord"), which owns a commercial building in Phoenix.  Landlord leased the building to Kent "Brig" Burton and the 363 Group in September 2013 to operate a medical marijuana "grow house."

¶3        Burton and Andrew Thompson signed a written commercial lease agreement (the "Lease") with a one-year lease term and a tenant option to renew for another 12 months.  Burton signed the agreement as a "Member of Agricann, LLC."  The Lease included an integration clause stating that it "constitutes the entire agreement between the parties and may be modified only by a writing signed by both parties."  The Lease described how the tenant must exercise the option:

> The option shall be exercised by written notice given to Lessor not less than 30 days prior to the expiration of the initial lease term. If notice is not given in the manner provided herein within the time specified, this option shall expire.

¶4        About three days after signing the Lease, the parties executed Addendum A to the Lease, which increased the optional renewal term from 12 months to "1-3 years."  The parties then executed Addendum B in April 2014, which extended the optional renewal term "for an additional 7-year period once the original 3-year option period has expired."  Both Addendum A and Addendum B explain they "supersede any conflicting terms or requirements that may appear in the lease agreement," but neither addendum mentions or modifies the formal notice requirement for renewal.  Burton signed both addenda as "Managing Partner [of] 363, LLC."

¶5        Burton occupied the building from September 2013 until November 2016, when Burton, Agricann and Rockline Equity Fund I ("Rockline") (another Burton-affiliated entity) subleased the building to GSI Fund I, LLC. The Trust never received written notice under the Lease that Burton, 363 Group or Agricann intended to exercise the renewal option.

¶6        Landlord terminated the lease agreement in June 2017, sending formal notice to Burton and 363 Group on June 15, and directing them "to immediately surrender the Premises" or else face "legal proceedings . . . to recover possession of the Premises."

¶7        On June 30, Landlord filed this FED action against Burton, his spouse, Agricann, Rockline and 363, LLC (collectively, the "Tenants"). Landlord then amended the complaint and sent a second termination letter on July 28 ("Termination Letter"), directing the Tenants to vacate the premises within 10 days.

¶8        A bench trial was held. The superior court awarded possession of the premises to Landlord. The court found that the Tenants never exercised their option to renew the lease under the original agreement or either addenda, meaning the original lease expired in September 2014, and the Tenants remained on the premises as month-to-month tenants until August 7, 2017, when the lease was terminated under the Termination Letter. The Tenants unsuccessfully moved for reconsideration. The superior court ordered the Tenants (except for Rockline) to pay Landlord's attorney fees ($30,000) and costs ($2,508.37). The Tenants timely appealed.[1] We have jurisdiction pursuant to Arizona A.R.S. § 12-2101(A)(1).

## DISCUSSION

### I.    Forcible Detainer Judgment.

¶9        An FED action provides landlords with a summary and speedy remedy to obtain possession of a premises from a month-to-month tenant "whose tenancy has been terminated [but who] retains possession

---

[1]        The Landlord did not file an answering brief, but we decline in our discretion to find a confession of error. *State ex rel. Dep't of Econ. Sec. v. Munoz*, 223 Ariz. 434, 435-36, ¶ 5 (App. 2010).

after his tenancy has been terminated or after he receives written demand of possession by the landlord." A.R.S. § 12-1173(1).

¶10 On appeal, the Tenants argue the superior court erred in awarding possession of the premises to Landlord. We defer to the court's findings of fact after a bench trial unless clearly erroneous and "must give due regard to the trial court's opportunity to judge the credibility of witnesses," Ariz. R. Civ. P. 52(a)(6), while reviewing conclusions of law de novo, *Town of Marana v. Pima Cty.*, 230 Ariz. 142, 152, ¶ 46 (App. 2012).

¶11 The Tenants do not contend they strictly complied with the Lease's formal requirements to exercise the renewal option. *See Best v. Miranda*, 229 Ariz. 246, 248, ¶ 7 (App. 2012) (options must be exercised "in exact accord with [their] terms and conditions") (internal quotation marks and citation omitted). Instead, they argue that Burton never signed the Lease and then argue that Addendum A and Addendum B expressly "supersede[d] any conflicting terms or requirements" in the Lease, thus abrogating the formal notice requirement.

¶12 We find no error. Burton signed the Lease; indeed, the Tenants attached the signed version to their motion for judgment on the pleadings in the superior court. And no "conflict" exists between the Lease and addenda as to the notice requirement. The Lease demands written notice for exercising the renewal option; the addenda are silent on the issue. We similarly find no inconsistency with the Lease's notice requirement applying to "this option"—meaning the option to renew—and later extensions of that option. Lastly, the Lease supplanted any prior agreement within its scope via an integration clause, including agreements about renewal in an earlier letter of intent, which Tenants failed to submit into evidence. *See Dunn v. FastMed Urgent Care PC*, 245 Ariz. 35, 39, ¶ 14 (App. 2018).

¶13 The Tenants' remaining arguments generally assert the superior court lacked sufficient evidence to enter the forcible detainer judgment, pointing to conduct and communications outside the written lease agreement that purportedly show a "mutual understanding" that the option had been exercised. But this court needs a full transcript of the relevant evidentiary hearing to consider the sufficiency of the evidence, and the Tenants only provided partial transcripts. *See* ARCAP 11(b)(1); *Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995) ("A party is responsible for making certain the record on appeal contains all transcripts or other documents necessary for us to consider the issues raised on appeal."). And without a full transcript, we assume the record supports the superior court's decision.

*Kline v. Kline*, 221 Ariz. 564, 572, ¶ 33 (App. 2009). Moreover, the exhibits from the evidentiary hearing—including the signed Lease with formal notice requirements—support the court's factual findings.

**¶14** The superior court also found no evidence to support an exception to the requirement that options be strictly enforced, including waiver. *See Andrews v. Blake*, 205 Ariz. 236, 247, ¶ 37 (2003) ("[A] lessee's failure to strictly comply with the terms of a lease's option to renew . . . may be equitably excused only when the failure is caused by incapacity, fraud, misrepresentation, duress, undue influence, mistake, estoppel, or the lessor's waiver of its right to receive notice."). Here again, we must assume the transcripts and testimony not provided by Tenants supports this finding. *Kline*, 221 Ariz. at 572, ¶ 33. We further note that evidence of a contrary understanding about the renewal option is generally prohibited under the statute of frauds. *Best*, 229 Ariz. at 248, ¶ 11.

**¶15** We affirm the forcible detainer judgment.

## II. Evidentiary Objections.

**¶16** The Tenants also argue the superior court erred by considering the Termination Letter because it was never entered into evidence and Landlord's amended complaint "did not claim that the lease had become a month-to-month holdover tenancy," depriving the Tenants of the chance to prepare a defense.

**¶17** We review the court's evidentiary decision for an abuse of discretion. *John C. Lincoln Hosp. & Health Corp. v. Maricopa Cty.*, 208 Ariz. 532, 543, ¶ 33 (App. 2004). We find none on this record.

**¶18** The procedural rules require that tenants have the chance to prepare a defense. To that end, Rule 5(d)(2), Rules of Procedure for Eviction Actions ("RPEA"), requires a landlord's complaint to "state the reason for the termination of the tenancy with specific facts, including the date, place and circumstances for the reason for termination, so the tenant has an opportunity to prepare a defense." Similarly, RPEA 11(e) prevents an FED plaintiff from "advanc[ing] allegations . . . unless those allegations were properly stated in the complaint."

**¶19** Landlord's amended complaint satisfied the requirements, alleging the parties entered a one-year lease with a renewal option that "expired under its own terms on September 15, 2014." Landlord also alleged that the Tenants "never exercised their renewal options." Moreover, Thompson raised the Termination Letter in motion practice and

at the preliminary eviction hearing. Meanwhile, Landlord was "meticulously questioned" at trial about the renewal option. We cannot say the Tenants were deprived of the chance to defend.

**¶20** Lastly, the Tenants contend the superior court should have considered their August 5, 2017 response to the Termination Letter in determining whether Tenants exercised the option. But the Lease expired in September 2014, years before those belated efforts to extend. *See Andrews*, 205 Ariz. at 244, ¶ 27 (a court may equitably excuse an optionee's untimely notice of intent to exercise an option when "the delay in giving notice is short or slight").

## III. Attorney Fees and Costs.

**¶21** The superior court awarded attorney fees and costs to Landlord under the Lease, which required that fees be awarded to the prevailing party in a lawsuit to recover possession of the premises, and under A.R.S. § 12-1178(A), which directs that fees be awarded in any action where the tenant is found guilty of forcible entry and detainer.

**¶22** The Tenants argue that the court erroneously awarded fees because GSI paid for Landlord's attorney and RPEA 13(f) caps any award of attorney fees at "the amount the client has paid or agreed to pay." In that regard, RPEA 13(f) mirrors A.R.S § 12-341.01(B), which requires two things: (1) an attorney-client relationship and (2) a genuine financial obligation on the part of the litigant to pay the fees. *Moedt v. General Motors Corp.*, 204 Ariz. 100, 103, ¶ 11 (App. 2002).

**¶23** We find no error. First, the record includes Thompson's sworn declaration that he "has arranged to pay[] or will pay" the fees. We do not reweigh the evidence on appeal. *In re Estate of Newman*, 219 Ariz. 260, 271, ¶ 40 (App. 2008). Second, we must assume the trial testimony Appellants failed to provide supported the superior court's decision to award fees. *Kline*, 221 Ariz. at 572, ¶ 33. Third, a genuine financial obligation can arise without actual payment; indeed, "the fact that fees may ultimately be borne by third parties . . . does not prevent the successful party from meeting the requirements of A.R.S. § 12-341.01(B)." *Wilcox v. Waldman*, 154 Ariz. 532, 538 (App. 1987).

**¶24** Lastly, the Tenants contend the superior court incorrectly awarded fees and costs against Agricann and the Burtons personally because neither claimed a right to possession over the property. We disagree. The Lease identified the "Lessee" as "The 363 Group/Brig Burton." Burton signed the Lease as "Brig Burton, Member of Agricann,

LLC." And the later sublease agreement identified "363, LLC and/or Agricann, LLC" as the sublessor and stated that Agricann held "full lease rights at the property." We affirm the attorney fee and cost award.

**CONCLUSION**

**¶25** We affirm the forcible detainer judgment and fee award. We decline to award attorney fees or costs to Landlord on appeal because no answering brief was filed.



AMY M. WOOD • Clerk of the Court
FILED:  AA

7