NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

MATTIELLA LEE BURNEY, *Petitioner/Appellant*,

*v.*

TIMOTHY RANDALL HUNTIMER, *Respondent/Appellee*.

No. 1 CA-CV 19-0542 FC
FILED 9-24-2020

Appeal from the Superior Court in Maricopa County
No. FC2017-008641
The Honorable Katherine M. Cooper, Judge

**AFFIRMED**

COUNSEL

Mattiella Lee Burney, Phoenix
*Petitioner/Appellant*

Reppucci & Roeder, PLLC, Phoenix
By Ryan M. Reppucci
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Chief Judge Peter B. Swann joined.

---

**W I N T H R O P**, Judge:

¶1 Mattiella Lee Burney ("Mother") appeals the family court's order establishing paternity, legal decision-making authority, parenting time, and child support for her child, M.B., born on February 1, 2017. Mother argues the court ignored relevant evidence and therefore abused its discretion when determining parenting time and legal decision-making authority. Mother also argues the court erred in calculating child support and in awarding attorneys' fees to Timothy Randall Huntimer ("Father"). For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**[1]

¶2 Mother and Father both have a history of mental health issues. In 2016, Father was diagnosed with major depressive disorder and began attending weekly counseling. He reported suicidal thoughts and ideations on multiple occasions. Mother also received counseling for generalized anxiety and depression from 2016 to 2019.

¶3 Following M.B.'s birth, Mother filed a petition on September 22, 2017, to establish paternity, legal decision-making authority, parenting time, and child support, and submitted a proposed parenting plan requesting sole legal decision-making authority. The family court appointed an advisor for M.B., entered temporary orders granting Father

---

[1] Arizona Rule of Civil Appellate Procedure ("ARCAP") 13 explains that parties' briefs must contain appropriate references to the record on appeal. Here, Father's answering brief repeatedly failed to cite the correct number for items in the record. Noncompliance with ARCAP 13 is ground for either striking the brief or imposing another type of sanction; however, in our discretion, we decline to impose any formal sanction and address the merits of the parties' respective positions. *See* ARCAP 25.

limited parenting time, and set a trial on Mother's petition for July 2018. *See* Ariz. R. Fam. Law P. ("Rule") 10.1 (authorizing court-appointed advisor).

**¶4**      Prior to trial, Mother and Father reached a Rule 69 agreement establishing joint legal decision-making authority and child support obligations for Father. The agreement, approved by the court, granted Father parenting time on a graduated schedule, conditioned on him providing Mother documentation "showing completion on an initial intake and first session of therapy" and continuing "documentation as agreed regarding his therapy."

**¶5**      The family court ordered counsel to prepare and file a stipulated order that incorporated the Rule 69 agreement; no such order was ever filed. In light of the Rule 69 agreement, the court subsequently dismissed Mother's petition and the Rule 69 agreement became a final order pursuant to Rule 70(b).

**¶6**      In March 2019, Father filed a Motion for Temporary Orders Without Notice Regarding Legal Decision-Making and Parenting Time, alleging Mother had not complied with the Rule 69 agreement and had refused to allow him to have parenting time. The court treated Father's Motion for Temporary Orders as a Motion to Enforce Parenting Time as set forth in the Rule 69 agreement. Father also filed a Motion for Rule 83, 84, and 85 Relief/Request to Reinstate the dismissed petition, which the court later granted.

**¶7**      The court held an evidentiary hearing and, after presentation of the evidence, found Mother in contempt of the order adopting the Rule 69 agreement. The court found Mother had not exercised joint legal decision-making and had "knowingly interfered with Father's parenting time [] by making his parenting time conditional on a letter from his therapist – which was not court-ordered and despite Father providing her with the information regarding his therapy per the Rule 69 Agreement." As a sanction for Mother's failure to abide by the Rule 69 agreement, the court ordered the parties immediately implement an equal 2-2-3 parenting time schedule. Mother requested a hearing on her reinstated petition, so the court set a final evidentiary hearing and entered a Temporary Order for

Legal Decision Making, Parenting Time and Child Support based on the terms of the Rule 69 agreement.[2]

**¶8**       In June 2019, the court held the evidentiary hearing on the reinstated petition and issued a final order. The order granted Father sole legal decision-making authority and established parenting time and child support. The court also granted Father's request for attorneys' fees, finding Mother had considerably more resources, acted unreasonably by failing to comply with the Rule 69 agreement, and knowingly presented a false claim and/or knowingly accused Father of making a false claim.

**¶9**       Mother filed a timely notice of appeal from the final order. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1).

## ANALYSIS

### I. Standard of Review

**¶10**       We review the family court's orders establishing parenting time and legal decision-making authority for an abuse of discretion. *See DeLuna v. Petitto*, 247 Ariz. 420, 423, ¶ 9 (App. 2019). An abuse of discretion occurs when the court commits an error of law in reaching a discretionary conclusion or when the record is devoid of evidence to support the decision. *Engstrom v. McCarthy*, 243 Ariz. 469, 471, ¶ 4 (App. 2018). We will defer to the court's findings of fact unless they are clearly erroneous. *Id.*

**¶11**       We review an award of child support for an abuse of discretion but review *de novo* the court's interpretation of the Arizona Child Support Guidelines. *Walsh v. Walsh*, 230 Ariz. 486, 490, ¶ 9 (App. 2012).

### II. Parenting Time and Legal Decision-Making Authority

**¶12**       Mother argues the family court abused its discretion in its orders establishing parenting time and legal decision-making authority by ignoring relevant evidence and making findings of fact unsupported by the record.

---

[2]       The court later clarified that the parties essentially agreed to set aside the Rule 69 agreement, as evidenced by Father's Rule 83, 84, and 85 Motion requesting relief from the Rule 69 agreement and reinstatement of the dismissed petition, and Mother's request for a hearing on the previously-dismissed petition.

¶13 First, Mother challenges the court's finding that she "knowingly interfered with Father's parenting time [] by making his parenting time conditional on a letter from his therapist – which was not court-ordered and despite Father providing her with the information regarding his therapy per the Rule 69 Agreement." Mother contends this finding is clearly erroneous because she did not actually receive confirmation of Father's first session of therapy until April 2019. However, in support of this contention, Mother relies on an exhibit that was not entered into evidence and is therefore not part of the record on appeal. Our review is limited to the record before the family court. *GM Dev. Corp. v. Cmty. Am. Mortg. Corp.*, 165 Ariz. 1, 4 (App. 1990). Moreover, we do not have a transcript of the evidentiary hearing and thus must assume the transcript would support the court's findings and conclusions. *See Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995). Because Mother did not identify anything included in the record to support her position, we can find no abuse of discretion. *See State ex rel. Dep't of Econ. Sec. v. Burton*, 205 Ariz. 27, 30, ¶ 16 (App. 2003).

¶14 Mother also argues the court abused its discretion by ignoring evidence of Father's mental health issues. However, the court explicitly noted in its order that "Father's actual records for his mental health treatment since 2016 are in evidence. The Court has reviewed these records and finds that Father is currently stable and does not pose a risk of harm to the child due to depression." Although Mother points to select portions of Father's mental health records that support her position,[3] the court clearly stated it reviewed and relied on all of the records submitted and we will not reweigh evidence on appeal. *See Clark v. Kreamer*, 243 Ariz. 272, 276, ¶ 14 (App. 2017).

¶15 Similarly, Mother contends the court abused its discretion by failing to consider evidence of Father's domestic violence, again citing portions of Father's mental health records. As mentioned previously, the court stated it reviewed Father's mental health records, and yet it still found that "[b]ased on the evidence, the Court does not find domestic violence pursuant to [A.R.S. §] 25-403.03 occurred." We will not reweigh evidence, *see id.*, and assume the court found that brief references to altercations contained in Father's mental health records were insufficient to support a

---

[3] Mother references sections of Exhibit 20 in support of her argument. Father contends Exhibit 20 is not part of the record on appeal. Father is incorrect. The superior court exhibit worksheet shows Exhibit 20 was entered into evidence and was provided to this Court as part of the record on appeal.

specific finding of significant domestic violence. *See* A.R.S. § 25-403.03(C) (listing relevant factors the court must consider to determine if an act of domestic violence has occurred); *see also Fuentes v. Fuentes*, 209 Ariz. 51, 55-56, ¶ 18 (App. 2004) (stating this Court assumes the family court fully considered all admitted evidence). Aside from Father's mental health records, Mother references an order of protection she purportedly obtained against Father; however, that order was not entered into evidence and is not part of the record on appeal. *See GM Dev. Corp.*, 165 Ariz. at 4. Mother also argues that the court did not consider her relevant testimony of physical and verbal abuse by Father, but as stated previously, we were not provided transcripts of the evidentiary hearing and thus must assume the testimony supports the court's findings and conclusions. *See Baker*, 183 Ariz. at 73. On this record, we cannot say the family court abused its discretion in concluding no domestic violence occurred pursuant to A.R.S. § 25-403.03.

**¶16** Finally, as it relates to the court's analysis of whether joint legal decision-making authority was logistically possible, Mother asserts the court clearly erred in its finding that Mother "refuse[d] to provide an address, stating that her address is protected. That is not correct. Family Court has no record of a protected address." The record on appeal shows that in November 2017, Mother obtained an order for protected address, and she updated her address again with the court in March 2019. However, in the months following the update, the court received multiple instances of returned mail from Mother's purported address. The court later found the evidence regarding Mother's address to be "vague and conflicting," found Mother exhibited a "lack of candor" about her residence, and found that "[b]ased on the evidence and Mother's demeanor while testifying . . . Mother may be living with an undisclosed third-party." *See Clark*, 243 Ariz. at 276, ¶ 14 (stating this Court does not reevaluate the credibility of witnesses). Although the family court may have erred in stating there was no record of Mother ever having a protected address, there was still other competent evidence supporting the court's concerns regarding Mother's residence and reasonably supporting its decision in this regard.

**¶17** In sum, the record contains sufficient evidence supporting the court's order regarding parenting time and legal decision-making authority; the court did not abuse its discretion. *See Engstrom*, 243 Ariz. at 471, ¶ 4.

*III.    Child Support*

**¶18**        Mother argues the family court erred in calculating child support by failing to include the full amount she pays for medical insurance for M.B.

**¶19**        However, the record reflects the parties stipulated to the fact that a prior cost figure of $186.00 per month for insurance was incorrect and that the correct amount was $40.00 per month.  The court included the undisputed $40.00 per month for insurance in the child support calculation.  Mother now claims the accurate amount for insurance should have been $352.42 per month starting in February 2019; yet, in support of this amount she cites a document not entered into evidence and thus not part of the record on appeal.  *See GM Dev. Corp.*, 165 Ariz. at 4.  Because counsel for both parties stipulated to the amount of $40.00 per month for M.B.'s health insurance, and because Mother can point to no evidence contained in the record supporting a higher cost, we see no error or abuse of discretion in the court's calculation of child support.

*IV.    Attorneys' Fees*

**¶20**        Mother argues the family court abused its discretion in awarding attorneys' fees to Father, claiming she did not act unreasonably or knowingly present any false claims.

**¶21**        We review an award of attorneys' fees for an abuse of discretion.  *Medlin v. Medlin*, 194 Ariz. 306, 309, ¶ 17 (App. 1999).  Here, the family court awarded attorneys' fees pursuant to A.R.S. §§ 25-324(A), -415, finding Mother had considerably more resources available, acted unreasonably in the litigation, and knowingly presented a false claim.  Mother does not challenge that she has more financial resources, but contends that Father was the one who asserted false claims and unnecessarily extended the litigation based on his failure to provide relevant documents.

**¶22**        Mother does not argue that the court failed to consider the reasonableness factor, only that the court came to the wrong conclusion.  The family court had access to the parties' financial information and had the opportunity to observe the parties over the course of the action.  As such, the court was clearly in a position to judge the parties' credibility and the reasonableness of their positions.  *See Graville v. Dodge*, 195 Ariz. 119, 131, ¶ 56 (App. 1999) (stating the abuse of discretion standard recognizes the trial court's opportunity to observe the reasonableness of the parties' conduct).  We will not reweigh evidence or reevaluate the credibility of

witnesses. *See Clark*, 243 Ariz. at 276, ¶ 14. We see no persuasive reason to find the family court abused its discretion in awarding attorneys' fees to Father.

**¶23** Mother also contends the court erred in awarding attorneys' fees because Father missed the court's deadline for filing his fee application. The record shows Father failed to submit the application on time and that Mother moved to strike his untimely application. The court denied the motion to strike after Father responded to the motion and demonstrated good cause for the late filing. It was within the court's discretion to extend the filing deadline upon a showing of good cause. *See* Rule 4(b)(1).

## CONCLUSION

**¶24** For the foregoing reasons, we affirm the family court's order.

**¶25** We deny Father's request for attorneys' fees on appeal because he fails to cite any authority in support of it. *See* ARCAP 21(a)(2) ("A claim for fees under this Rule must specifically state the statute, rule, decisional law, contract, or other authority for an award of attorneys' fees."); *Roubos v. Miller*, 214 Ariz. 416, 420, ¶ 21 (2007) (holding a party "must state the statutory or contractual basis" for an award of attorneys' fees pursuant to ARCAP 21); *Ezell v. Quon*, 224 Ariz. 532, 539, ¶ 31 (App. 2010) (explaining ARCAP 21 "is a procedural rule that does not provide a substantive basis for an appellate court to consider an award of attorneys' fees").



AMY M. WOOD • Clerk of the Court
FILED:   AA